**COMMONWEALTH of Kentucky, Appellant/Cross Appellee,**

v.

**James Oscar MERRIMAN, Appellee/Cross Appellant.**

and

**Commonwealth of Kentucky, Appellant,**

v.

**LeQua Martez Hickman, Appellee.**

Nos. 2006–SC–000330–DG, 2006–SC–000690–DG, 2006–SC–000332–DG.

Supreme Court of Kentucky.

Sept. 18, 2008.

As Modified Oct. 2, 2008.

---

Jack Conway, Attorney General, William Robert Long, Jr., Assistant Attorney General, Criminal Appellate Division, Kenneth Wayne Riggs, Assistant Attorney General, Office of the Attorney General, Frankfort, KY, Counsel for Appellant/Cross Appellee, Commonwealth of Kentucky.

Thomas Dulaney Bullock, Harold Lewis Kirtley, II, Bullock & Coffman, LLP, Braxton Crenshaw, Lexington, KY, Counsel for Appellee/Cross Appellant, James Oscar Merriman.

1. KRS 640.030(2) states, "Except as provided in KRS 640.070, any sentence imposed upon the youthful offender shall be served in a facility or program operated or contracted by the Department of Juvenile Justice until the expiration of the sentence, the youthful offender is paroled, the youthful offender is probated, or the youthful offender reaches the age of eighteen (18), whichever first occurs. The Department of Juvenile Justice shall take custody of a youthful offender, remanded into its custody, within sixty (60) days following

Daniel T. Goyette, Louisville Metro Public Defender, Elizabeth B. McMahon, Assistant Public Defender, Office of the Jefferson District Public Defender, Louisville, KY, Counsel for Appellee, LeQua Martez Hickman.

Opinion of the Court by Justice NOBLE.

The sole question at issue in these two cases is whether a juvenile, convicted as a youthful offender, is subject to the provisions of KRS 439.3401, the Violent Offender Statute. The Court of Appeals issued opposite opinions from two panels, and since this is a matter of first impression, this Court granted discretionary review on the Commonwealth's motion. The decision of the Court of Appeals in *Hickman v. Commonwealth* is affirmed and the decision in *Merriman v. Commonwealth* is reversed and remanded for the review mandated by KRS 640.030(2).

## I. Background

LeQua Hickman entered an *Alford* plea, as a youthful offender, to Assault in the First Degree and Robbery in the First Degree in 2004. He was sentenced to the custody of the Department of Juvenile Justice where he remained until his 18th birthday. Pursuant to KRS 640.030(2),[1] he was returned to the sentencing court at that time for the adjudications required by that statute. The trial court found that pursuant to the Violent Offender Statute,

sentencing. If an individual sentenced as a youthful offender attains the age of eighteen (18) prior to the expiration of his sentence, and has not been probated or released on parole, that individual shall be returned to the sentencing court" to determine whether the offender should be probated, conditionally discharged, returned to the Department of Juvenile Justice to complete a treatment program, or incarcerated in a Department of Corrections institution.

KRS 439.3401, Hickman was statutorily ineligible for probation, imposed his sentence, and sent him to an adult institution. He appealed. The Court of Appeals vacated imposition of his sentence and remanded for the required adjudications. That panel of the Court of Appeals, doing statutory construction, determined that KRS 640.030 and KRS 439.3401 were reconcilable and that it was "the overall legislative purpose of the juvenile code to rehabilitate offenders when possible rather than to punish them." Further, the panel held that even were the statutes not reconcilable, the legislature had the opportunity to amend KRS 640.030 in 2004 to make it conform to the 2002 enactment of the Violent Offender Statute, but did not. Thus, the language in KRS Chapter 640 which specified that its provisions were exceptions to the general law of felony sentencing, "must be taken to apply to KRS 439.3401 as well."

James Oscar Merriman was 16 when he shot the victim with a .357 Magnum hand gun, causing the loss of the victim's right eye. He was tried by a jury, convicted of Assault First Degree, and sentenced to the recommended 12 years in prison. He also was committed to the Department of Juvenile Justice until his 18th birthday, when he was returned to the trial court for the adjudications required by KRS 640.030(2). He requested that the trial court grant him conditional discharge or probation. The Commonwealth objected, arguing that he was ineligible for conditional discharge or probation because he was a Violent Offender. The trial court agreed, and applied *Mullins v. Commonwealth,* 956 S.W.2d 222 (Ky.App.1997), holding that Youthful Offenders were not "exempt by implication" from the Violent Offender Statute. On appeal, the Court of Appeals held that the "plain language" of KRS 439.3401 made it applicable to youthful offenders, and without a specific legislative exemption, KRS 640.030(3) did not control. The trial court was thus affirmed.

These two factually similar cases having resulted in disparate rulings from the Court of Appeals, and because there was no Supreme Court case construing the interaction of these statutes, the Commonwealth sought review in both actions by this Court.

## II. Analysis

In 1986, the Kentucky Legislature enacted two important pieces of legislation relating to the status and sentencing of a criminal defendant.

The Kentucky Unified Juvenile Code established that jurisdiction related to minors was vested in the District Courts, with a particular exception for "youthful offenders" who could, under the provision of KRS Chapter 640, be transferred to circuit court to stand trial and be sentenced as an adult. However, a caveat was expressed in KRS 640.030 that required the juvenile to be housed in a juvenile detention facility until his sentence expired, he was probated or paroled, or he reached his 18th birthday. If the juvenile turned 18 before expiration, probation, or parole, then the sentencing court had to make further adjudications, which in common parlance came to be called "resentencing." In fact, the length and all other conditions of the Youthful Offender's sentence remain the same except for whatever statutory determinations the trial court makes at that review. The court's options at that point are to place the Youthful Offender on probation or conditional discharge, incarcerate him in adult prison, or return him to the Department of Juvenile Justice to complete a treatment program of up to five months. Under the latter option, the youthful offender again returns to the court after completing a treatment

program for it to determine whether to probate, conditionally discharge, or incarcerate.

The other piece of legislation enacted in 1986 that bears on these cases is the Violent Offender Statute, KRS 439.3401. At that point, the statute required violent offenders to serve 50% of their sentences before being eligible for parole, and it did not prohibit probation. In two subsequent amendments, the statute was changed to require service of 85% of the sentence and probation was prohibited.[2] The statute further lists twelve offenses that are considered to be violent offenses. Assault and Robbery are subject to the statute's limitations.

Though enacted in the same legislative session, neither statute is referenced in the other, and despite subsequent amendments to both statutes, the legislature has not seen fit to make such references. As the two disparate Court of Appeals decisions indicate, reasonable minds have differed over whether the statutes are in conflict, and whether one is controlling over the other. Therefore, this Court must look to the language of the statutes and make its own construction.

Since the two defendants in this case were juveniles when they committed their respective offenses, they would have been proceeded against under KRS Chapter 635, as Public Offenders, had they not qualified as youthful offenders under KRS Chapter 640. A list of factors for the district court to consider in determining whether a juvenile qualifies as a youthful offender is set forth in KRS 640.010(2)(b). If two or more apply, then the district court may transfer the case to circuit court where the juvenile will be tried as an adult, except for being housed in a juvenile detention facility until serve-out or his 18th birthday. On his 18th birthday, the KRS 640.030(2) adjudications must be made.

The intent of the Juvenile Code was set forth by the legislature in KRS 600.010: "[P]romoting protection of children"; that "Any child . . . under KRS Chapters 600 to 645 . . . shall have a right to treatment reasonably calculated to bring about an improvement in his condition"; "providing each child a safe and nurturing home"; and that "all parties are assured prompt and fair hearings," plus other specific intentions. With these goals in mind, KRS Chapter 640, Youthful Offenders, must be read for its purpose as well. This Chapter has no separate introductory statutes, but instead begins with when and how a preliminary hearing shall be conducted. This Chapter makes it clear that if a child qualifies as a youthful offender and is transferred to circuit court, he "shall then be proceeded against in the Circuit Court as an adult, *except as otherwise provided in this chapter.*" KRS 640.010(2)(c) (emphasis added)

This concluding language is important because KRS 640.030, 640.040, and 640.050 do provide otherwise by requiring specific procedures adult offenders do not get, and providing some specific limitations on treating youthful offenders as adults. Particularly, the "resentencing" procedure and required adjudications in KRS 640.030(2) are unique, specific, and mandatory ("that individual *shall* be returned to the sentencing court"; "the sentencing court *shall* make one (1) of the following determinations"). Indeed, KRS 640.030 is in its

---

**2.** KRS 439.3401(3) provides, "A violent offender who has been convicted of a Class A felony with a sentence of a term of years or Class B felony who is a violent offender shall not be released on probation or parole until he has served at least eighty-five percent (85%) of the sentence imposed."

entirety an exception to treating a youthful offender as an adult offender.

However, KRS 640.040 does specify "prohibited dispositions," including capital punishment, persistent felony offender sentencing, and probation, parole or conditional discharge limitations under KRS 533.060. The Commonwealth argues, and one Court of Appeals panel held, that failing to list the Violent Offender Statute in this section excludes it from being a prohibited disposition. This argument is in fact a dodge—the failure to specifically list the Violent Offender statute is equally as consistent with oversight as it is with intention, and the pertinent focus here is on what is *required* by KRS 640.030.

The mandatory language regarding what a court must do when a youthful offender is returned on his 18th birthday is a better indication of legislative intent. Indeed, even the trial courts who concluded that youthful offenders were not eligible for probation or conditional discharge consideration *held the statutorily required hearing*. It is not reasonable to believe that the legislature expected the courts to engage in an exercise in futility. If all a trial court can do is to require that the youthful offender be transported to court only to tell him that the court cannot do anything regarding the requirements of the 18th birthday hearing, then the procedure would be nothing but a sham and a nullity.

Further, if this is the effect of the Violent Offender Statute, then what is the point of sending the youthful offender to the rehabilitative programs of the Department of Juvenile Justice? Such treatment is provided at considerable public cost, and it is designed to teach the juvenile how to cope outside criminal behavior. The irony is that under the Commonwealth's view, a youthful offender who has spent significant time in treatment, who has completed high school or other educational programs, who has made significant progress in turning his life around, and whom the juvenile facility has recommended for probation or conditional discharge, would nonetheless be told by the judge at his 18th birthday hearing that the judge has no choice but to now send him to prison. This clearly undercuts the rehabilitative purposes of the Juvenile Code by removing a youthful offender's incentive to do well and cooperate with the Department of Juvenile Justice while he is in their custody. The legislature did not intend such a ridiculous result.

By mandating the courts to make certain determinations when a juvenile is returned on his 18th birthday, the legislature had no need to specifically say in addition that the Violent Offender Statute does not apply. By the very language in KRS 640.030(2), it is apparent that the Violent Offender Statute cannot act to prevent consideration of probation or conditional discharge on the youthful offender's 18th birthday: The courts are told that they *shall make* one of the three listed determinations. Of course, after due consideration, the trial court may determine that the youthful offender be incarcerated in an adult institution to serve his sentence, as that is one of the three available options. But that is not what the trial court did in Merriman's case. Instead, it specifically found that Merriman could not be considered for probation or conditional discharge as he was ineligible because he was a Violent Offender. In making this decision, the trial court failed to do what the statute specifically told him to do, "... make one (1) of the following determinations...."

In order for the Violent Offender Statute to control over the specific language of KRS 640.030(2), it must have express language saying that it applies to youthful offenders. Even then, if the two statutes were viewed as irreconcilable, KRS

640.030(2) would control as the more specific statute. By statutory interpretation, logic, and belief in the good sense of the legislature, the Violent Offender Statute cannot be read to apply to youthful offenders.

### III. Conclusion

Consequently, the Court of Appeals is affirmed as to its opinion in Hickman's case, and it is reversed as to its opinion in Merriman's case, which shall be remanded for the proper determinations under KRS 640.030(2).

MINTON, C.J.; ABRAMSON, CUNNINGHAM, SCHRODER and SCOTT, JJ., concur.

VENTERS, J., not sitting.