Anthony EDWARDS, Appellant

v.

Melissa HARROD, Administrator, Offender Information Services, and Ladonna Thompson, Commissioner, Department of Corrections, Appellees.

No. 2010–SC–000770–DG.

Supreme Court of Kentucky.

Feb. 21, 2013.

La Mer Kyle–Griffiths, Assistant Public Advocate, Renee Sara Vandenwallbake, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Kentucky, Counsel for Appellant.

Joseph Todd Henning, Department of Corrections, Office of Legal Services, Frankfort, Kentucky, Counsel for Appellee.

Opinion of the Court by Chief Justice MINTON.

Kentucky's Youthful Offender Statute classifies as a youthful offender a minor charged with a certain level of criminal offense and directs the transfer of that youthful offender's case to circuit court for trial as an adult.[1] We granted discretionary review of the present case to consider whether youthful offenders who are convicted and sentenced in circuit court can also be classified as violent offenders subject to the parole-eligibility restrictions imposed by Kentucky's Violent Offender Statute.[2] We hold that they can.

In considering this issue, we take the opportunity to clarify the breadth of our holding in *Commonwealth v. Merriman*[3] that the probation-eligibility restriction of the Violent Offender Statute does not apply to youthful offenders. The holding in *Merriman* does not extend to the parole limitations of the Violent Offender Statute because of the difference between probation and parole and the dissimilar statutory requirements for granting probation and parole to youthful offenders. Although the legislature did not intend the probation constraints on violent offenders to apply to youthful offenders, it did intend to subject youthful offenders to the parole restrictions of the Violent Offender Statute.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Anthony Edwards pleaded guilty to three counts of first-degree robbery and was sentenced to a total of 10 years' imprisonment. He was a minor at the time he committed these Class B felonies; and because the offenses involved a firearm, he was automatically transferred to circuit court as a youthful offender to be tried as an adult.[4] Edwards served his sentence for the crimes with the Department of Juvenile Justice (DJJ) for approximately 6 months. In accordance with the Kentucky Unified Juvenile Code, the trial court held a "resentencing" hearing when Edwards reached 18 years of age.[5] At this hearing, the trial court determined that Edwards should be granted probation on his 10–year sentence. Edwards violated his probation and, three years later, appeared before the trial court on the charge of probation violation. The trial court revoked Edwards's probation and sentenced Edwards to the Department of Corrections (DOC) to serve his sentence.

The DOC classified Edwards as a violent offender, a status that restricted Edwards's parole eligibility. Edwards filed a declaration of rights action in the Franklin Circuit Court arguing that the DOC erred in classifying him as a violent offender because he was a youthful offender. The circuit court agreed, based on this Court's *Merriman* opinion. But the Court of Appeals reversed, holding that the Violent Offender Statute applied to youthful of-

1. Kentucky Revised Statutes (KRS) 640.010.

2. KRS 439.3401.

3. 265 S.W.3d 196 (Ky.2008).

4. KRS 635.020(4).

5. KRS 640.030(2).

fenders for purposes of parole eligibility. We affirm the decision of the Court of Appeals.

## II. THE PAROLE–ELIGIBILITY RESTRICTIONS OF THE VIOLENT OFFENDER STATUTE APPLY TO YOUTHFUL OFFENDERS.

### A. The Interplay Between the Violent Offender and Youthful Offender Statutes.

■ We begin, as we must in all cases involving statutory interpretation, by "ascertain[ing] and giv[ing] effect to the intent of the General Assembly."[6] We achieve this by examining the plain language of the Violent Offender and Youthful Offender Statutes. In undertaking this examination, we remain mindful that "[w]e are not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used."[7]

The Violent Offender Statute, KRS 439.3401, confers the status of violent offender to those convicted of certain crimes.[8] A violent offender convicted of a capital offense or a Class A or B felony cannot "be released on probation or parole until he has served at least eighty-five percent (85%) of the sentence imposed."[9] The Violent Offender Statute also limits the sentencing credit the parole board can award violent offenders.[10] The crimes to which Edwards pleaded guilty, first-degree robbery, are Class B felonies enumerated in the Violent Offender Statute.[11] So he is subject to the parole-eligibility restrictions of the Violent Offender Statute, unless his status as a youthful offender prevents their application.

Under the Juvenile Code, district Courts have jurisdiction over minors who commit crimes. But certain minors take on the status of "youthful offender" and can be transferred to circuit court to stand trial and be sentenced as adults.[12] Once a circuit court sentences a youthful offender, KRS 340.030(2) requires the circuit court to hold a hearing when the minor turns 18 years old (18–year–old hearing). This is essentially a resentencing hearing at which the circuit court determines whether to place the youthful offender on probation or conditional discharge, enroll the youthful offender in a treatment program with the DJJ, or have the youthful offender serve out his sentence of incarceration with the DOC.[13] Edwards is currently serving out his sentence of incarceration with the DOC after the circuit court revoked the probation granted to him at his 18–year–old hearing. The question is whether Edwards's status as a youthful offender prevents application of the parole-eligibility limitations of the Violent Offender Statute.

### B. The General Assembly Intended the Parole Restrictions of the Violent Offender Statute to Apply to Youthful Offenders.

The Juvenile Code provides that unless an exception applies, a youthful offender is

---

6. *Commonwealth v. Harrelson*, 14 S.W.3d 541, 546 (Ky.2000).

7. *Id.* (citation omitted).

8. KRS 439.3401(1).

9. KRS 439.3401(3).

10. KRS 439.3401(4).

11. KRS 439.3401(1)(1).

12. KRS 635.020; KRS Chapter 640.

13. KRS 640.030(2). If a youthful offender is over the age of 18 years but less than 18 years and 5 months at the time of sentencing, the offender is resentenced by the circuit court upon attaining the age of 18 years and 5 months. KRS 640.030(3).

proceeded against as an adult. "A youthful offender, who is convicted of, or pleads guilty to, a felony offense in Circuit Court, shall be subject to the same type of sentencing procedures and duration of sentence, including probation and conditional discharge, as an adult convicted of a felony offense," subject to certain exceptions.[14] The statutory scheme for youthful offenders does not delineate an exception for treating youthful offenders who are also violent offenders differently from adult violent offenders for purposes of parole eligibility. On the face of the youthful offender provisions, the parole-eligibility restrictions of the Violent Offender Statute apply to youthful offenders.

Positive evidence of the General Assembly's intention on this issue is found in KRS 640.075(4), which specifically contemplates application of the parole restrictions of the Violent Offender Statute to certain youthful offenders. When a trial court determines at an 18–year–old hearing that a youthful offender should be incarcerated with the DOC, the DJJ may retain that individual for further rehabilitative treatment until the offender reaches the age of 21.[15] After serving a minimum of 12 additional months in the custody of the DJJ, the youthful offender may petition the circuit court for reconsideration of probation and, except as provided in the Violent Offender Statute, may be considered for early parole eligibility.[16] So, contrary to Edwards's claim, the Youthful Offender and Violent Offender Statutes are not completely independent of one another. KRS 640.075(4) indicates the General Assembly's intent to apply the parole-eligibility restrictions of the Violent Offender Statute to youthful offenders.

KRS 640.075 delineates special procedures applicable to those youthful offenders over whom the DJJ retains custody. These youthful offenders are given yet another opportunity to petition the circuit court for probation. If even these youthful offenders are subject to the parole restrictions of the Violent Offender Statute, we see no reason why the General Assembly would have intended to afford more lenient parole eligibility to those youthful offenders in the custody of the DOC. It is more reasonable that the General Assembly intended to subject youthful offenders to the parole-eligibility constraints of the Violent Offender Statute when a youthful offender is incarcerated, regardless of whether the offender is in the custody of the DJJ or the DOC.

Edwards points to KRS 640.040(3) as contrary evidence of the General Assembly's intent. That provision states that "[n]o youthful offender shall be subject to limitations on probation, **parole**[,] or conditional discharge as provided for in KRS 533.060."[17] KRS 533.060 places certain limitations on the probation, shock probation, and conditional discharge of certain offenders; but it does not limit parole eligibility. Edwards claims that because this statute does not limit parole, as KRS 640.040(3) indicates, the legislature intended to prohibit limitations similar to those found in KRS 640.060, including the parole restrictions of the Violent Offender Statute. We decline to read such a provision into KRS 640.040 because we are not free to add language to a statute or "discover meanings not reasonably ascertainable

14. KRS 640.030; *See also* KRS 640.010(2)(c) (A minor tried as a youthful offender in circuit court shall "be proceeded against ... as an adult, except as otherwise provided in this chapter.").

15. KRS 640.075(1).

16. KRS 640.075(4).

17. Emphasis added.

from the language used." [18] And given the direct reference to the Violent Offender Statute in the youthful offender statutory scheme, we find implausible Edwards's inferential statutory interpretation to the contrary.

Edwards also directs us to KRS 640.080(1), which provides that

[y]outhful offenders shall be subject to the jurisdiction of the Kentucky Parole Board and may be placed on parole to the Department of Corrections. The Parole Board may, with regard to a youthful offender, exercise any of the powers which it possesses pursuant to KRS Chapter 439, except as provided in KRS Chapters 600 to 645.

According to Edwards, this statute places a youthful offender's parole eligibility at the pure discretion of the parole board. But the parole board must first possess the power under KRS Chapter 439 before it can apply that authority to youthful offenders. Under the Violent Offender Statute, which is found in KRS Chapter 439, the parole board does not possess the power to grant parole to certain violent offenders who have not served at least 85 percent of their sentence or the authority to award them certain sentencing credit. These limitations on the parole board's power also apply to its oversight of youthful offenders. And KRS 640.080 does not grant the parole board pure discretion to grant parole to youthful offenders.

Application of the Violent Offender Statute's parole-eligibility limitations to youthful offenders does not undercut the rehabilitative purposes of the Juvenile Code. The youthful offender scheme "shall be interpreted to promote public safety and the concept that every child be held accountable for his or her conduct through the use of restitution, reparation, and sanctions, in an effort to rehabilitate delinquent youth[.]" [19] Edwards is correct that the General Assembly intended to treat youthful offenders differently from adults.

At common law, through the present day, Kentucky has recognized that children should not be held to the same standard as adults. However, as modern society saw a rise in more heinous crimes being committed by children, concerns about punishment and setting an example soon followed. Consequently, the legislature enacted exceptions to the Juvenile Code by creating a class of offenders known as youthful offenders,' who are children that are prosecuted and sentenced as if they were adults. Yet, being mindful of the traditional reluctance to treat children as adults, the legislature set a high bar for children to be deemed youthful offenders. [20]

The rehabilitative goal for youthful offenders is evidenced, for example, by the fact that youthful offenders are not subject to persistent felony offender sentencing for offenses committed before the age of 18. [21] The resentencing requirement at a youthful offender's 18–year–old hearing and the procedures under KRS 640.075 also provide youthful offenders opportunities for rehabilitation not offered to adults.

■ But the General Assembly relies on circuit courts to determine when youthful offenders have been successfully rehabilitated by allowing circuit courts to reconsider granting probation. [22] The General

18. *Harrelson,* 14 S.W.3d at 546 (citation omitted).

19. KRS 600.010(2)(f).

20. *Chipman v. Commonwealth,* 313 S.W.3d 95, 97 (Ky.2010).

21. KRS 640.040(2).

22. Under KRS 640.075, the DJJ can choose to retain custody of a youthful offender; but the decision to grant probation still lies, as it must, with the circuit court. And the parole

Assembly did not intend to afford youthful offenders who are violent offenders further opportunities to attain release from incarceration at the hands of the parole board. A youthful offender is subject to the parole constraints of the Violent Offender Statute throughout the duration of his incarceration, both before and after his 18–year–old hearing and whether in the custody of the DJJ or the DOC.

At Edwards's 18–year–old hearing, the trial court granted him probation. After Edwards violated his probation, the trial court ordered him, then around 21 years old, to serve out his 10–year sentence of incarceration with the DOC. Edwards had received the benefit of all the rehabilitative opportunities the General Assembly intended to grant under the Juvenile Code. The DOC correctly classified Edwards as a violent offender subject to the parole-eligibility restrictions of the Violent Offender Statute.

## C. *Merriman* and the Distinction Between Probation and Parole.

Edwards argues that the *Merriman* opinion compels us to find the parole-eligibility restrictions of the Violent Offender Statute inapplicable to youthful offenders. We disagree with Edwards because the holding in *Merriman* is confined to application of the probation-eligibility constraints of the Violent Offender Statute to youthful offenders.

The *Merriman* opinion consolidated two cases that raised the issue of whether a juvenile convicted as a youthful offender is subject to the probation-eligibility restrictions of the Violent Offender Statute.

Hickman and Merriman were both sentenced to the custody of the DJJ as youthful offenders. At their 18–year–old hearings, the circuit courts found them ineligible for probation under the Violent Offender Statute and imposed their sentences of incarceration.

The Violent Offender Statute and the youthful offender procedures conflict regarding probation. Certain violent offenders are ineligible for probation until they have served at least 85 percent of their sentence of incarceration.[23] But KRS 640.030(2) requires circuit courts to make one of three listed determinations—including probation—at a youthful offender's 18–year–old hearing. In *Merriman*, we held that in light of this conflict, the youthful offender statutory scheme controls over the Violent Offender Statute for purposes of probation.

Edwards argues that the broad language in *Merriman* extends the holding to early parole considerations. The *Merriman* opinion states that "the Violent Offender Statute cannot be read to apply to youthful offenders."[24] But this statement must be read in the context of the entire opinion. *Merriman* concerned only the conflict between the probation-eligibility limitation of the Violent Offender Statute and the requirement that circuit courts consider granting probation at a youthful offender's 18–year–old hearing. And the reasoning behind the *Merriman* decision is inapplicable to the parole-eligibility concerns at issue here.

▪▪▪ First, we note that probation and parole are distinct from one another. Pro-

---

board is specifically prohibited from granting parole to these youthful offenders who are also violent offenders.

**23.** KRS 439.3401(3).

**24.** *Merriman*, 265 S.W.3d at 201. The Court also described the *Merriman* holding as prohibiting application of the Violent Offender Statute to youthful offenders in *Commonwealth v. Carneal*, 274 S.W.3d 420, 427 n. 1 (Ky.2008).

bation is a sentencing alternative; "the trial court ... first decides on a sentence of imprisonment[ ] but then imposes conditions for release and supervision—in lieu of implementation of incarceration—at sentencing." [25] The power to enter a judgment sentencing a defendant to a sentence of probation rests entirely with trial courts. But once a defendant is incarcerated, "[t]he actual length of [a defendant's] imprisonment is determined by the parole board...." [26] "[T]he power to grant parole is a purely executive function." [27] "Kentucky courts have ... conceptualized 'probation' as the suspension of the *imposition* of a sentence while, after imposition, 'parole' suspends *execution* of a sentence[.]" [28] So it would be inappropriate to apply *Merriman* here by simply equating parole with probation. It is entirely consistent for the General Assembly to direct circuit courts to consider probation for youthful offenders despite the Violent Offender Statute and, at the same time, require the parole board to apply the parole restrictions of the Violent Offender Statute to youthful offenders.

Second, contrary to the probation-eligibility restriction of the Violent Offender Statute, the parole-eligibility limitation on violent offenders does not conflict with the youthful offender statutory scheme. The resentencing procedure at a youthful offender's 18–year–old hearing requires a circuit court to determine whether to place the youthful offender on probation or conditional discharge, enroll the youthful offender in a treatment program with the DJJ, or have the offender serve out his sentence with the DOC. [29] These "required adjudications ... are unique, specific, and mandatory...." [30] In contrast, the youthful offender statutes do not require the parole board to consider all youthful offenders for early parole.

Edwards argues that KRS 640.030(2) specifically anticipates youthful offenders being granted early parole. Under this statute,

any sentence imposed upon the youthful offender shall be served in a facility or program operated or contracted by the [DJJ] until the expiration of the sentence, the youthful offender is paroled, the youthful offender is probated, or the youthful offender reaches the age of eighteen (18), whichever first occurs.... If an individual sentenced as a youthful offender attains the age of eighteen (18) prior to the expiration of his sentence[ ] and has not been probated or released on parole, that individual shall be returned to the sentencing court.

But this statute is vastly different from the mandatory provision requiring circuit courts to consider probation for youthful offenders at the 18–year–old hearing. While KRS 640.030(2) indicates that youthful offenders may be granted parole, it

25. *Jones v. Commonwealth*, 319 S.W.3d 295, 297 (Ky.2010) (citation omitted); *See also* KRS 533.010(1) (listing probation as an alternative sentence to incarceration) and KRS 532.060, Official Commentary (Banks/Baldwin 1974) ("[A]n initial determination of the length of imprisonment for felonies is to be made by the jury trying the issue of guilt or innocence.... Once this responsibility of the jury is satisfied, the trial judge has at his disposal the power of modification ... and the power ... to substitute probation or conditional discharge in place of imprisonment.").

26. KRS 532.060, Official Commentary (Banks/Baldwin 1974).

27. *Prater v. Commonwealth*, 82 S.W.3d 898, 902 (Ky.2002) (citations omitted).

28. *Id.* at 904 (emphasis in original).

29. KRS 640.030(2).

30. *Merriman*, 265 S.W.3d at 199.

does not require the parole board to consider parole for all youthful offenders. And, as explained above, KRS 640.075(4) specifically prohibits the parole board from considering youthful offenders who are violent offenders for early parole when a circuit court has ordered the offender to serve his sentence and the DJJ retains custody.

 So application of the parole-eligibility restrictions of the Violent Offender Statute does not conflict with or nullify the youthful offender procedures. KRS 640.030(2) indicates that youthful offenders may be paroled prior to their 18–year–old hearing. But the parole board is not required to consider granting parole to youthful offenders. And, under our holding today, the parole board cannot grant parole to youthful offenders who are ineligible under the Violent Offender Statute.

For the foregoing reasons, the *Merriman* opinion is limited to probation considerations. The analysis underlying that decision is inapplicable to the issue here today. And our holding that the parole-eligibility restrictions of the Violent Offender Statute apply to youthful offenders is not constrained by precedent.

### III. CONCLUSION.

We affirm the decision of the Court of Appeals because the parole-eligibility limitations of the Violent Offender Statute apply to youthful offenders. Edwards is both a youthful offender and a violent offender. So the DOC correctly classified Edwards as a violent offender subject to that statute's parole-eligibility restrictions.

ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur.