RENDERED: NOVEMBER 3, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0436-MR

MESSIAH BURTON                                                    APPELLANT


APPEAL FROM FULTON CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 20-CR-00065


COMMONWEALTH OF KENTUCKY                                          APPELLEE



OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE: Messiah Burton, a youthful offender, appeals from the judgment
and sentence entered by the Fulton Circuit Court on October 29, 2021. The trial
court entered this second judgment and sentence after Burton had been granted
parole following the trial court's first judgment and sentence on March 17, 2021.
After a thorough review of the record and the law, we vacate the judgment entered
on October 29, 2021, and remand with instructions to the trial court to allow
Burton to serve his parole.

# I. BACKGROUND

On August 3, 2020, Burton was charged via a juvenile petition with first-degree robbery[1] and first-degree wanton endangerment.[2] The complaint alleged that Burton, then seventeen years old, placed a gun to Antwian Porterfield's head and demanded money for himself and his associate, Michael Downing. Downing searched Porterfield's pockets while Burton continued to hold the gun to Porterfield's head. After taking $275.00 from Porterfield, Burton and Downing fled in a white SUV. Burton was arrested shortly thereafter.

After Burton's arrest, the Commonwealth, through the Fulton County Attorney, moved the district court to proceed against Burton as an alleged youthful offender pursuant to KRS 635.020. Burton qualified as an alleged youthful offender on two separate grounds. KRS 635.020(2) requires the court, on motion from the Commonwealth, to proceed against a child as a youthful offender if the child is fourteen years old or older at the time of the offense and has been charged with a capital offense, a Class A felony, or a Class B felony. Similarly, KRS 635.020(4) triggers the possibility of youthful offender status if the child is at least fourteen years old at the time of the offense and has used a firearm in the commission of a felony.

---

[1] Kentucky Revised Statute (KRS) 515.020, a Class B felony.

[2] KRS 508.060, a Class D felony.

Following a hearing on the motion comporting with KRS 640.010, the district court found there was probable cause to believe Burton committed a Class B felony when he participated in an armed robbery during a home invasion. The district court thereafter transferred Burton to the circuit court to be tried as a youthful offender. One week later, the Fulton Grand Jury indicted Burton for first-degree robbery.

Following a short period of discovery, Burton signed a negotiated guilty plea in which the Commonwealth agreed to amend the charge to a single count of criminal facilitation of first-degree robbery, a Class D felony.[3] Burton agreed to plead guilty to that offense and to serve the four-year term recommended by the Commonwealth. The trial court accepted this guilty plea in open court on January 28, 2021, and the written record shows these terms were agreed upon and signed by Burton, the Commonwealth, and the circuit judge on February 8, 2021. (Record (R.) at 65-68.) The trial court ordered the Department of Juvenile Justice (DJJ) to prepare Burton's presentence investigation report (PSI) for the next hearing date, which was March 11th.

Burton's hearing before the trial court on March 11, 2021, involved more than the PSI. At that point, Burton had been in custody 222 days, and the parties disagreed about where Burton should be held until June 8th, which was

---

[3] KRS 506.080.

Burton's eighteenth birthday. Burton argued for probation. The Commonwealth disagreed and argued that Burton should stay with the DJJ, stating that Burton would live in his mother's home in Tennessee if he were probated. The trial court ultimately stated that it wished "to get to the bottom of" the victim's story and that it wanted more facts. The trial court then ordered Burton to be confined to the DJJ until after his eighteenth birthday. The DJJ stated it could hold Burton until the earliest court date after his eighteenth birthday, which was June 10th.

Following this hearing, on March 17, 2021, the trial court entered a document titled "Judgment & Sentence on Plea of Guilty – Youthful Offender." (R. at 71.) The judgment discussed the amended charge of facilitation of first-degree robbery and how the defendant agreed with the contents of the PSI prepared by the DJJ. The judgment also discussed how the defendant was to be returned to DJJ for a treatment program not to exceed five months past the defendant's eighteenth birthday, at which time the defendant would be "returned to the sentencing court for determination as to whether or not the youthful offender shall be placed on probation or conditional discharge, or whether the youthful offender should be incarcerated in an institution operated by the Department of Corrections." (R. at 72.) Of particular note, the judgment stated the following:

> **IT IS HEREBY THE ORDER OF THIS COURT** that insufficient cause having been shown why judgment should not be pronounced, **IT IS ADJUDGED BY THE**

**COURT** that the defendant is **GUILTY** of the following charges:

**KRS 506.080 Criminal Facilitation to Robbery, 1st Degree, CDF**[4] **– 4 Years**

(R. at 72.)  Finally, the judgment ordered that

> further sentencing pursuant to KRS 640.030 and other applicable statutes shall be had for the defendant after completion of treatment with [DJJ] and him being returned to this Court for purposes of sentencing on a date agreed to, either on June 10, 2021 or such other date as [DJJ] may request . . . .

(R. at 73.)  The "further sentencing" contemplated in the judgment did not take place on June 10th, however, as the trial court entered an agreed order continuing the matter for five months so Burton could continue his education and treatment with DJJ.  This order explicitly directed that Burton shall be returned to the trial court "for a hearing pursuant to KRS 640.030" on October 28, 2021.  (R. at 84.)

On June 15, 2021, the Kentucky Parole Board voted to recommend parole for Burton.  (R. at 85.)  Because he was released on parole and there was no longer a need for the October 28, 2021 hearing, Burton moved to have the hearing removed from the docket.  On October 26, 2021, the trial court responded by entering a *nunc pro tunc* order, dated June 7, 2021, which required Burton to remain with DJJ for five months before being returned to the trial court on October 28, 2021, for a hearing pursuant to KRS 640.030.  (R. at 89.)  The trial court issued

---

[4]  Although not explicitly discussed in the record, we infer that "CDF" means Class D Felony.

a second order on that date which questioned the authority of the Kentucky Parole Board to grant parole in this case. The order then directed DJJ, defense counsel, and any "parole officer" (quotation marks original to the order) to serve a copy of the summons to Burton, with the goal of ensuring he would be present in court on October 28th. If Burton failed to appear, the trial court indicated it would issue a warrant for his arrest. (R. at 90-91.)

During the hearing on October 28, 2021, before Burton's arrival in court, the trial court expressed its belief that Burton had not yet been sentenced, and the Kentucky Parole Board had thereby issued an "illegal parole." An unnamed person in the courtroom stated, "we see that a lot with [youthful offenders]." The trial court responded, "that's the first time I've seen it, and it'll be the last time I see it." When Burton arrived, the trial court asked, "How is he getting paroled when he was never sentenced?" Defense counsel asserted that Burton had been sentenced, which the trial court denied, saying there was no document in the file saying Burton was sentenced to four years. Defense counsel then stated that Probation and Parole had determined Burton had served twenty percent of his sentence and paroled him. The trial court reiterated that Burton was adjudged guilty, but he had yet to be sentenced. The trial court ultimately issued another judgment on October 29, 2021, sentencing Burton to four-years'

imprisonment which was dated *nunc pro tunc* to June 10th, five days before Burton was paroled. This appeal followed.

## II. STANDARD OF REVIEW

The primary issue in this case is whether the trial court was correct in its interpretation of the juvenile sentencing statutes. Statutory construction "is an issue of law which we address *de novo*." *Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011).

## III. ANALYSIS

For his sole argument on appeal, Burton contends the trial court erred when it entered a second judgment on his plea of guilty. He argues the trial court had already sentenced him on March 17, 2021, and it had no authority to sentence him again after he was paroled on June 15, 2021. We agree. From the evidence in the record, it appears that the trial court arrived at two incorrect conclusions. The first was that the judgment and sentence the trial court issued on March 17th was not a final judgment and sentence, and instead the age-eighteen hearing would provide the basis for a final judgment and sentence. The second incorrect conclusion, related to the first, was that the Kentucky Parole Board did not have the authority to parole Burton before his age-eighteen hearing.

The statute governing the sentencing of youthful offenders, referenced multiple times by the trial court, is KRS 640.030. The pertinent provisions of this statute read as follows:

> [A]ny sentence imposed upon the youthful offender shall be served in a facility or program operated or contracted by the Department of Juvenile Justice until the expiration of the sentence, the youthful offender is paroled, the youthful offender is probated, or the youthful offender reaches the age of eighteen (18), whichever first occurs. The Department of Juvenile Justice shall take custody of a youthful offender, remanded into its custody, within sixty (60) days following sentencing. If an individual sentenced as a youthful offender attains the age of eighteen (18) prior to the expiration of his sentence, and has not been probated or released on parole, that individual shall be returned to the sentencing court. At that time, the sentencing court shall make one (1) of the following determinations:
>
> > (a) Whether the youthful offender shall be placed on probation or conditional discharge;
> >
> > (b) Whether the youthful offender shall be returned to the Department of Juvenile Justice to complete a treatment program, which treatment program shall not exceed the youthful offender's attainment of the age of eighteen (18) years and five (5) months. At the conclusion of the treatment program, the individual shall be returned to the sentencing court for a determination under paragraph (a) or (c) of this subsection; or
> >
> > (c) Whether the youthful offender shall be incarcerated in an institution operated by the Department of Corrections[.]

KRS 640.030(2).

-8-

Two principles consequential to this appeal may be gleaned from the first part of the quoted portion of KRS 640.030(2). The first is that "any *sentence* imposed upon the youthful offender" results in transfer to a facility operated by DJJ until the youthful offender is eighteen. In the matter currently before us, if the trial court did *not* sentence Burton on March 17th, then it is unclear how the trial court could exercise the authority to send him to DJJ pursuant to this statute. Furthermore, despite the trial court's protestations to the contrary,[5] the March 17th document in the record bears all the marks of a *bona fide* judgment and sentence in a youthful offender case.

First, the March 17th document labels itself as a judgment and sentence – a "Judgment & Sentence on Plea of Guilty." It discusses Burton's guilty plea and acknowledges that Burton did not dispute the PSI. The document finds Burton guilty of criminal facilitation of robbery and pronounces a four-year sentence. "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." *Commonwealth v. Carneal*, 274 S.W.3d 420, 427 (Ky. 2008)

---

[5] We are obligated to point out here that the writings of the trial court carry far more weight than any ruminations the trial court may voice in open court. "Circuit courts speak 'only through written orders entered upon the official record.'" *Oakley v. Oakley*, 391 S.W.3d 377, 378 (Ky. App. 2012) (quoting *Kindred Nursing Centers Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010)).

(quoting CR[6] 54.01). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Id.* (quoting *Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 798, 166 L. Ed. 2d 628 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 166, 82 L. Ed. 204 (1937))). The March 17th judgment adjudicates "all issues relating to [Burton's] guilt and his sentence[.]" *Clark v. Commonwealth*, 476 S.W.3d 895, 899 (Ky. App. 2015). Finally, the March 17th document contemplates Burton's return to the trial court for further sentencing after his eighteenth birthday pursuant to KRS 640.030. The trial court apparently believed that this future age-eighteen hearing would be Burton's final sentencing, but this belief is inconsistent with our precedent.

> We are unconvinced that the statutorily mandated 18-year-old hearing is final sentencing. . . . The 18-year-old hearing is simply a "second look" at the manner in which the youthful offender is serving his sentence and provides the trial court the opportunity to consider alternative methods of fulfilling the sentence, other than simply transferring the youthful offender to adult corrections.

*Carneal*, 274 S.W.3d at 427-28. For these reasons, the trial court erred when it determined that the March 17th document did not comprise a valid final judgment and sentence.

The second significant principle in KRS 640.030(2) is that a youthful offender is returned to the trial court for a hearing at age eighteen – unless the

---

[6] Kentucky Rule of Civil Procedure.

youthful offender has been "probated or released on parole." The trial court expressed its disbelief that parole could occur prior to the age-eighteen hearing, stating "that's the first time I've seen it," yet that is exactly what is contemplated in the statute as authorized by the General Assembly. The Kentucky Supreme Court has confirmed that this is the correct interpretation of the statute. "KRS 640.030(2) indicates that youthful offenders may be paroled prior to their 18-year-old hearing." *Edwards v. Harrod*, 391 S.W.3d 755, 762 (Ky. 2013).

Compounding its earlier errors, the trial court then erroneously concluded Burton was on an "illegal parole." We are somewhat disturbed that the trial court's response to a purportedly "illegal parole" was effectively to ignore the order of the Kentucky Parole Board and to bring Burton back under its authority using a series of *nunc pro tunc* orders. For the trial court to unilaterally decide to override the order granting parole infringes on the strong separation of powers inherent in Sections 27 and 28 of the Kentucky Constitution; *see, e.g.*, *Prater v. Commonwealth*, 82 S.W.3d 898, 901-02 (Ky. 2002) ("[T]he power to grant parole is a purely executive function."). If there was an issue with the order granting parole, the Commonwealth could have challenged this decision itself in a declaratory judgment action; *see Commonwealth ex rel. Conway v. Thompson*, 300 S.W.3d 152 (Ky. 2009). Furthermore, the *nunc pro tunc* orders issued here were highly improper, as they attempted to inject court actions which never actually

occurred into the record. "[T]he court's power to make such entries is restricted to placing to record evidence of judicial action which has been actually taken. It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Webster County Bd. of Educ. v. Franklin*, 392 S.W.3d 431, 437 (Ky. App. 2013) (internal quotation marks and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, we vacate the trial court's judgment and sentence entered on October 29, 2021. Because the Kentucky Parole Board's order dated June 15, 2021, validly granted parole to Burton, we remand with instructions to the trial court to enter any necessary orders which may be required to return Burton to Probation and Parole's supervision.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Alana S. Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky