RENDERED: NOVEMBER 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1298-MR

LESLIE DONOVAN                                                            APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 23-CR-00309

COMMONWEALTH OF KENTUCKY                                                  APPELLEE

OPINION AFFIRMING IN PART,
REVERSING IN PART, AND
REMANDING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE: This appeal focuses on a challenge to the trial court's
sentencing in a criminal case. Appellant, Leslie Donovan (Donovan), was
convicted of first-degree possession of a controlled substance. On appeal,
Donovan contends that the trial court erred by increasing his sentence beyond that
which was fixed by the jury. He also argues that it abused its discretion in

permitting the introduction of evidence of guns as being wholly irrelevant to the crime with which he was charged.

On March 16, 2023, Donovan was indicted for first-degree possession of a controlled substance and two counts of bail jumping. The Commonwealth notes that the bail jumping counts were severed prior to trial and that the Commonwealth elected to proceed first with a trial on the count of possession of a controlled substance.

The case was tried on July 12-13, 2023. Testimony at trial established that on November 28, 2022, officers responded to an emotional crisis call at Donovan's home after his daughter called dispatch. She believed that her father was intoxicated on methamphetamine, was suicidal, and was possibly armed with a gun. Donovan was lying in bed and appeared to be high. There were knives and weapons throughout Donovan's room. A revolver was found in the bed near Donovan's hip. Donovan admitted to having smoked methamphetamine before the officers arrived. A meth pipe located in the bed was sent to the crime lab for testing; the residue was found to contain methamphetamine.

The jury found Donovan guilty of one count of First-Degree Possession of a Controlled Substance (methamphetamine)[1] and fixed his

---

[1] Kentucky Revised Statute (KRS) 218A.1415(2) provides as follows:

punishment at one year in the state penitentiary. However, the trial court sentenced Donovan to **two years**, probated for three years. Donovan contends that the trial court lacked authority to increase his sentence. Acknowledging that there was no contemporaneous objection to the imposition of a two-year sentence, Donovan seeks palpable error review on this issue.

In relevant part, KRS 532.055(2) provides that "the jury will determine the punishment to be imposed within the range provided elsewhere by law." "Kentucky law places the authority to determine the maximum sentence for

---

Possession of a controlled substance in the first degree is a Class D felony subject to the following provisions:

(a) The maximum term of incarceration shall be no greater than three (3) years, notwithstanding KRS Chapter 532;

(b) For a person's first or second offense under this section, he or she may be subject to a period of:

1. Deferred prosecution pursuant to KRS 218A.14151; or

2. Presumptive probation;

(c) Deferred prosecution under paragraph (b) of this subsection shall be the preferred alternative for a first offense; and

(d) If a person does not enter a deferred prosecution program for his or her first or second offense, he or she shall be subject to a period of presumptive probation, unless a court determines the defendant is not eligible for presumptive probation as defined in KRS 218A.010.

an individual offense with the jury . . . ." *Sutton v. Commonwealth*, 627 S.W.3d 836, 856 (Ky. 2021).

Case law also sets forth the relative roles of judge and jury with respect to sentencing, giving primacy to the jury as to the length of the sentence and discretion to the trial judge as to how the jury's prescribed sentence is to be served. "Of course, it is beyond cavil that trial judges may not increase the sentence actually determined by the jury; but trial judges are not bound by the jury's recommendation of **how** that sentence shall be served." *Benet v. Commonwealth*, 253 S.W.3d 528, 535-36 (Ky. 2008) (emphasis added). "[T]rial courts retain discretion in decreasing unduly harsh sentences, in granting or denying probation and in determining whether a defendant should serve sentences concurrently or consecutively." *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016) (footnotes omitted).

The Commonwealth acknowledges that the trial court lacked authority to increase the one-year sentence fixed by the jury, citing *Phon v. Commonwealth*, 545 S.W.3d 284, 305 (Ky. 2018). *Phon* holds that "illegal sentences are considered void and correctable at any time. . . . If the sentence goes beyond the jurisdiction of the court imposing it, then it must be considered a legal nullity." *Id.* at 305. We are "not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court." *Id.* at 302 (internal quotation

marks and citations omitted).  "The appellate court will automatically treat an unpreserved sentencing issue as though it was preserved for appellate review." *Commonwealth v. Moore*, 664 S.W.3d 582, 590 (Ky. 2023).  Thus Donovan's request that we review for palpable error is moot in light of his automatic entitlement to review despite lack of preservation.

Donovan requests that we remand with directions to enter a new judgment reflecting a probated sentence.  In his reply brief, Donovan contends that he would be entitled to the statutory presumption of probation[2] once again pursuant to KRS 218A.1415.  However, "[t]he power to enter a judgment sentencing a defendant to a sentence of probation rests entirely with trial courts." *Edwards v. Harrod*, 391 S.W.3d 755, 761 (Ky. 2013).  "Probation is a sentencing alternative; 'the trial court . . . first decides on a sentence of imprisonment[ ] but then imposes conditions for release and supervision -- in lieu of implementation of incarceration -- at sentencing.'" *Edwards*, 391 391 S.W.3d at 760-61 (quoting *Jones v.*

---

[2] KRS 218A.010(44) defines presumptive probation as:

> [A] sentence of probation not to exceed the maximum term
> specified for the offense, subject to conditions otherwise
> authorized by law, that is presumed to be the appropriate sentence
> for certain offenses designated in this chapter, notwithstanding
> contrary provisions of KRS Chapter 533.  That presumption shall
> only be overcome by a finding on the record by the sentencing
> court of substantial and compelling reasons why the defendant
> cannot be safely and effectively supervised in the community, is
> not amenable to community-based treatment, or poses a significant
> risk to public safety[.]

*Commonwealth,* 319 S.W.3d 295, 297 (Ky.2010)). As another panel of this Court has explained, "[w]hile the decision as to whether to grant probation is within the discretion of the trial court, *Turner v. Commonwealth*, 914 S.W.2d 343, 347 (Ky. 1996), **that discretion must be exercised consistent with the relevant statutory criteria**." *Jones v. Commonwealth*, No. 2018-CA-001431-MR, 2019 WL 4565229, at *2 (Ky. App. Sep. 20, 2019) (emphasis added).

Accordingly, we reverse the Judgment of the trial court on this issue and remand this case for resentencing. We direct the court to correct the sentence to conform to the one-year sentence originally fixed by the jury and to then determine whether to grant probation consistent with the relevant statutory criteria.

Donovan also argues that the trial court abused its discretion in permitting the introduction of guns into evidence because they were irrelevant to the charged crime. The issue is preserved.

Donovan relies upon *Harris v. Commonwealth*, 384 S.W.3d 117, 123 (Ky. 2012), which holds that "[w]eapons that are known to have no connection to the crime, however, are generally not admissible." Donovan contends that "the guns were legally possessed, and . . . there was no relevant purpose to . . . entering them into evidence other than to make Mr. Donovan seem like a scary individual." Donovan asserts that this evidence unduly inflamed the jury against him and led to his conviction, which should be reversed accordingly.

The standard of our review of a trial court's evidentiary rulings is abuse of discretion. *Harris*, *supra*, at 122. However, if the trial court errs, we "may still determine that the error is harmless pursuant to RCr[3] 9.24 and the standards set forth in *Winstead v. Commonwealth*, 283 S.W.3d 678 (Ky. 2009)." *Id*.

> RCr 9.24 provides that:
>
> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order, or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order **unless it** appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

(Emphasis added.)

*Winstead* explains that "[a] non-constitutional evidentiary error may be deemed harmless, . . . if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error." 283 S.W.3d at 688-89.

Assuming, *arguendo*, that the trial court erred by allowing the admission of guns into evidence, we agree with the Commonwealth that any error was harmless. As the Commonwealth notes, the jury was informed that Donovan

---

[3] Kentucky Rules of Criminal Procedure.

legally owned the guns during opening statement and closing arguments.

However, there was abundant evidence that Donovan possessed

methamphetamine. Donovan appeared high when the officers arrived at his home;

he admitted to having smoked methamphetamine earlier; the meth pipe was

discovered next to Donovan in his bed; and forensic testing of the pipe established

the presence of methamphetamine. We can readily say with "fair assurance" that

the judgment as to possession of the drugs was not substantially swayed by

admitting evidence of Donovan's legally owned guns.

Thus, we affirm with respect to the evidentiary issue concerning the

guns. However, we reverse and remand with direction to the trial court to correct

the sentence to conform to the one-year sentence fixed by the jury and then to

exercise its discretion to determine whether to grant probation consistent with the

relevant statutory criteria.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Molly Mattingly
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky