**COMMONWEALTH of Kentucky, Petitioner,**

**v.**

**George F. WILLIAMSON, Judge, Trimble Circuit Court, Respondent.**

Court of Appeals of Kentucky.

March 16, 1973.

Rehearing Denied May 4, 1973.

Ed W. Hancock, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, Bruce R. Hamilton, Commonwealth Atty., LaGrange, for petitioner.

CULLEN, Commissioner.

Maintaining that Chapter 169 of the Acts of 1972 (compiled as KRS 439.265), which provides for "shock probation" of persons convicted of crime, is unconstitutional, the Attorney General and the Commonwealth's Attorney for the district embracing Trimble County have petitioned in the name of the Commonwealth for an order prohibiting Judge George F. Williamson of the Trimble Circuit Court from entertaining motions for "shock probation" made by two prisoners who were sentenced by the Trimble Circuit Court to terms in the state penitentiary. Being of the opinion that the statute is not unconstitutional, this court is denying the petition.

The pertinent provisions of the statute, which became effective June 16, 1972, are as follows:

"(1) Subject to the provisions of KRS Chapter 439, any county or circuit court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant has been delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines. The court which tried the defendant may also suspend the sentence and place the defendant on probation upon its own motion, made within the same thirty day period.

(2) The court shall consider any motion filed in accordance with subsection 1 of this section within sixty days of the filing date of that motion, and shall enter its ruling within ten days after considering the motion. The defendant may, in the discretion of the trial court, have the right to a hearing on any motion he may file, or have filed for him, that

would suspend further execution of sentence. Any court order granting or denying a motion to suspend further execution of sentence is not reviewable.

\* \* \*"

On December 19, 1972, Clifford Dean was sentenced by the Trimble Circuit Court to a term of one year in the penitentiary, and Paul Thomas Pusey was sentenced to two one-year terms, to run consecutively. On January 19, 1973, each moved for "shock probation" under the 1972 Act. The Commonwealth's attorney resisted the motions, and before the circuit court undertook to make a ruling the instant proceeding for prohibition was instituted.

The contention of the petitioners is that the Act in effect seeks to confer on the courts the *pardon* power, which is exclusively relegated to the executive branch of government by Section 77 of the Kentucky Constitution. They rely upon Brabandt v. Commonwealth, 157 Ky. 130, 162 S.W. 786; Huggins v. Caldwell, 223 Ky. 468, 3 S.W.2d 1101; Commonwealth v. Polsgrove, 231 Ky. 750, 22 S.W.2d 126; Adkins v. Commonwealth, 232 Ky. 312, 23 S.W.2d 277; Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029; Grantz v. Grauman, Ky., 302 S.W.2d 364, and Commonwealth v. Fanelli, Ky., 445 S.W.2d 126.

■ The cited cases are authority for the proposition that after a court has lost statutory control over its judgment imposing a criminal sentence, the court cannot exercise the power, whether called probation, parole or pardon, to suspend the execution of the sentence. However, those cases do not undertake to define time limits within which a court's statutory power of control over its judgments must be confined.

Prior to the adoption of the Rules of Civil Procedure and the Rules of Criminal Procedure, when by statute circuit courts having terms had control over their judg-

ments during the term in which they were rendered, and circuit courts of continuous session had control over their judgments for 60 days, it was held, in Bax v. Fletcher, Ky., 261 S.W.2d 662, that a circuit court of continuous session, at any time within the 60-day period for which it retained control of its judgments, could set aside a judgment of conviction of crime and grant probation, notwithstanding that the defendant already had commenced serving the sentence.

The holding in Bax v. Fletcher was in substance that the action of a court, during the statutory period for which it retained control over its judgments, in setting aside a judgment of conviction of crime and granting probation, was not an invasion of or encroachment upon the executive power of clemency.

■ It is our opinion that the 1972 Act here in question reasonably may be considered as establishing a period, not unreasonably long, during which the court retains a limited control over its judgments in criminal cases. The Act says in substance that until the expiration of the period allowed for probating the sentence it is not final as regards commitment. We see in this no substantial difference in principle from the complete 60-day control held valid in Bax v. Fletcher. Other cases supporting the same principle are Commonwealth v. Kazee, Ky., 252 S.W.2d 20, and Commonwealth v. Stevens, Ky., 378 S.W.2d 799.

The 1972 Act seems to have a worthy purpose of providing in effect for a 30-to-60 day observation period to be served before the sentencing court is required to reach a final decision as to the granting of probation. We see nothing unconstitutional in giving the courts that kind of limited control over their judgments.

Our specific limited holding is that the Act does not invade or encroach upon the executive power.

The petition is denied.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.