Anthony B. **MULLINS**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 95–CA–2334–MR.

Court of Appeals of Kentucky.

April 4, 1997.

Discretionary Review Denied by
Supreme Court Nov. 12, 1997.

Kate D. Dunn, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Amy F. Howard, Assistant Attorney General, Frankfort, for Appellee.

Before EMBERTON, HUDDLESTON and SCHRODER, JJ.

SCHRODER, Judge.

The appellant, sixteen-year-old Anthony B. Mullins, entered a plea of guilty but mentally ill to manslaughter, first degree, upon a recommendation of a twelve year sentence. The court imposed the twelve year sentence. Probation was denied based upon the "violent offender" statute, KRS 439.3401, which prohibits parole until the appellant has served at least fifty percent of his sentence. The trial court concluded that by implication, probation was not an option under the statute.

On appeal, appellant asserts error in interpretation of the statute because KRS 439.3401(3) deals with parole, a matter left to the executive branch, while probation is a matter for the judicial branch. On the other hand, the Commonwealth contends the implication is that probation is prohibited because the legislature intended that violent offenders spend at least half of their sentences in incarceration.

We begin our analysis by recognizing that the legislature has the power to designate what is a crime and the sentences for violations thereof. Ky. Const. Section 29; *Hamilton v. Ford*, 362 F.Supp. 739 (E.D.Ky., 1973). Included therein is the power to limit or prohibit probation or parole. As appellant correctly points out, probation is a function of the judicial branch. Probation is considered by the judge at the time of sentencing except for "shock probation," (KRS 439.265 and KRS 439.267), which allows the court to reacquire jurisdiction for this one consideration. Parole, as a function of the executive branch of government (at least as far as felonies are concerned), can modify a sentence indirectly *after* jurisdiction passes to the executive branch (Department of Corrections). KRS 439.330 and 439.340.

Probation and parole also serve different functions and have different standards. Probation, under KRS 533.010, is to be considered at the time of sentencing, and starts with the process of probation or conditional discharge, moving toward imprisonment only if certain justifications exist to deny probation or conditional discharge. Parole recognizes those justifications existed at sentencing and there now exists a change of circumstances or a rehabilitation of a prisoner. KRS 439.340. Both "authorized dispositions" (KRS 532.005 et. seq.) and parole (KRS 439.177et. seq.) are creations of the legislature, which inherently has the power, within constitutional limitations, to modify or change the statutes.

The question in the case *sub judice* is whether the violent offender statute, KRS 439.3401, which specifically limits parole by the executive branch, is intended to limit the judicial branch's consideration of probation. We think it does not. Although we believe the legislature *could have* placed such a limitation in the violent offender statute by merely inserting "probation or" before the word "parole" in KRS 439.3401(2) and (3), it did not do so. Appellee's argument that the legislature *intended* such a result, and the *implication* that "probation" is included in the statute, are without merit. Given the vast differences between "probation" and "parole," we cannot supply or include probation in a statute where the statute on its face is intelligible, no matter how desirable it might be to supply the omission. *Commonwealth v. Foley*, 798 S.W.2d 947 (1990); *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248 (1960); *Walton v. Carter*, Ky., 337 S.W.2d 674 (1960).

Appellant's second argument is that although KRS 640.040 does not exempt youthful offenders from the application of KRS 439.3401, by implication it should because denying probation pursuant to KRS

533.060 (involving the use of firearms in the commission of crimes) is too harsh to apply to youthful offenders, and KRS 640.040 states that youthful offenders cannot be made subject to the same limitations on probation as adult offenders as provided for in KRS 533.060. We disagree with appellant's analysis.

KRS 640.040(3) provides that "[n]o youthful offender shall be subject to limitations on probation, parole or conditional discharge as provided for in KRS 533.060." KRS 533.060(1) denies probation to a "person [who] has been convicted of an offense ... classified as a Class A, B, or C felony [which] ... involved the use of a weapon from which a shot or projectile may be discharged that is readily capable of producing death or other serious physical injury, ..." However, the General Assembly also enacted KRS 635.020(4), which created a new classification under which offenders fourteen to seventeen years of age who commit a felony with a firearm are to be treated as adults for all purposes related to that crime. Those juveniles that qualify are now "adult offenders" and as such are not to be treated as juveniles pursuant to Chapter 640, but as adult offenders pursuant to RCr 3.07. Therefore, a juvenile who qualifies as an adult offender is subject to the same penalties as an adult convicted of manslaughter, first degree, but mentally ill.

Having determined the trial court erred in concluding probation was not an option, we hereby vacate the sentence and remand to the Fayette Circuit Court for resentencing after considering probation.

All concur.