Larry Thomas JONES and Gerald
Henley, Appellants,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2007–SC–000922–DG.

Supreme Court of Kentucky.

April 22, 2010.

As Modified on Denial of Rehearing
Sept. 23, 2010.

Donald H. Morehead, Louisville, KY,
Jamesa J. Drake, Assistant Public Advo-
cate, Frankfort, KY, Counsel for Appel-
lants.

Jack Conway, Attorney General, David
W. Barr, Courtney J. Hightower, Assistant
Attorneys General, Office Of Attorney
General Criminal Appellate Division,
Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice
SCHRODER.

Before this Court are two consolidated
cases from the Court of Appeals with the

same issue: whether KRS 532.043(5) violates the separation of powers doctrine of Sections 27 and 28 of the Kentucky Constitution by giving the judicial branch, rather than the executive branch, the power to revoke conditional discharge imposed after a period of incarceration.[1] We agree that the statute violates the separation of powers doctrine by impermissibly conferring an executive power to the judiciary. Therefore, we reverse the revocations in both cases.

KRS 532.043 provides:

(1) In addition to the penalties authorized by law, any person convicted of, pleading guilty to, or entering an Alford plea to a felony offense under KRS Chapter 510, 529.100 involving commercial sexual activity, 530.020, 530.064(1)(a), 531.310, or 531.320 shall be subject to a period of conditional discharge following release from:

(a) Incarceration upon expiration of sentence; or

(b) Completion of parole.

(2) The period of conditional discharge shall be five (5) years.

(3) During the period of conditional discharge, the defendant shall:

(a) Be subject to all orders specified by the Department of Corrections; and

(b) Comply with all education, treatment, testing, or combination thereof required by the Department of Corrections.

(4) Persons under conditional discharge pursuant to this section shall be subject to the supervision of the Division of Probation and Parole.

(5) If a person violates a provision specified in subsection (3) of this section, the violation shall be reported in writing to the Commonwealth's attorney in the county of conviction. **The Commonwealth's attorney may petition the court to revoke the defendant's conditional discharge and reincarcerate the defendant** as set forth in KRS 532.060. [2]

(6) The provisions of this section shall apply only to persons convicted, pleading guilty, or entering an Alford plea after July 15, 1998.

Both Appellants served out their initial sentences. Upon release, Appellants were placed on three years conditional discharge[3] and referred to the Division of Probation and Parole for supervision. Both Appellants violated the conditions of conditional discharge and were brought back to their respective sentencing courts for a revocation hearing. Appellants each argued to their trial court that the revocation procedure established by KRS 532.043(5) violated the separation of powers doctrine. Both trial courts disagreed and revoked Appellants' conditional discharge, and the Court of Appeals affirmed in both cases.

Both Appellants have served out their period of reincarceration, and the issue is now moot. However, this Court has granted discretionary review, realizing that the underlying dispute is one capable of repetition, yet evading review, because of the short duration of conditional discharge and the length of time required to

---

1. "Conditional discharge" under KRS 532.043 is a special form of post-sentence conditional release, which applies only to those convicted of certain sex offenses. It is not to be confused with conditional discharge under KRS Chapter 533, which is imposed in lieu of incarceration.

2. Emphasis added.

3. Prior to 2006, the period of conditional discharge was three years. *See* 2006 Ky. Acts ch. 182, § 42.

fully litigate the issue.[4]

Before we address the merits of Appellants' argument, we will address the Commonwealth's claim that the issue was not preserved because the Attorney General received no notice of this constitutional challenge as required by KRS 418.075. The trial court addressed the constitutionality of the statute without notice and the Court of Appeals addressed the constitutionality without commenting on the failure to give notice. The Court of Appeals held that the statute in question was constitutional and the Appellants filed their motions for discretionary review without the Commonwealth filing a protective cross-motion for discretionary review.

■ This Court has made it plain that strict compliance with the notification requirement of KRS 418.075 is required, and failure to give notice leaves the constitutional challenge unpreserved.[5] Unpreserved error can be reviewed only for palpable error,[6] which Appellants have requested in this case. Palpable error is that which affects the substantial rights of a party and may be considered by an appellate court on appeal, even though not preserved, if there is a determination that manifest injustice has resulted from the error.[7] In this particular case, we opine that Appellants have shown manifest injustice, i.e. the probability of a different result so fundamental as to threaten their entitlement to due process of law.[8]

■ A certain amount of background is necessary on the various alternatives to incarceration: probation, conditional discharge (as that term is used apart from KRS 532.043), parole, and "shock probation." We address each of these to properly frame the issue of conditional discharge under KRS 532.043.

■ "Probation, under KRS 533.010, is to be considered [by the court] at the time of sentencing, and starts with the process of probation or conditional discharge, moving toward imprisonment only if certain justifications exist to deny probation or conditional discharge."[9] With probation, the trial court (judicial branch) first decides on a sentence of imprisonment, but then imposes conditions for release and supervision—in lieu of implementation of incarceration—at sentencing. Probation is the suspension of the imposition of a sentence of incarceration.[10] Supervision, however, is turned over to the Division of Probation and Parole (the executive branch). The terms of probation and supervision are authorized by statute and implemented by the court at the time of sentencing.[11] Upon breach of a condition of probation, the probation officer seeks revocation. A hearing is held before the sentencing court, with appeals proceeding through the judicial branch.

■ Conditional discharge, as that term is used apart from KRS 532.043, is a judi-

---

4. *See Philpot v. Patton,* 837 S.W.2d 491, 493 (Ky.1992); *Lexington Herald–Leader Co., Inc. v. Meigs,* 660 S.W.2d 658, 661 (Ky.1983); *Commonwealth v. Deweese,* 141 S.W.3d 372, 375 (Ky.App.2003).

5. *Benet v. Commonwealth,* 253 S.W.3d 528, 532 (Ky.2008).

6. RCr 10.26.

7. *Id.*

8. *See Martin v. Commonwealth,* 207 S.W.3d 1, 3 (Ky.2006).

9. *Mullins v. Commonwealth,* 956 S.W.2d 222, 223 (Ky.App.1997), *abrogated on other grounds by Commonwealth v. Merriman,* 265 S.W.3d 196 (Ky.2008).

10. *Prater v. Commonwealth,* 82 S.W.3d 898, 904 (Ky.2002).

11. *See* KRS 533.030.

cial function of the trial court at sentencing.[12] It is similar to probation, with the trial court setting the terms and conditions of release at the time of sentencing. But unlike probation, traditional conditional discharge is unsupervised.[13] Upon breach of a condition, the Commonwealth seeks revocation and the trial court conducts the hearing to determine whether revocation is appropriate. Although KRS 532.043 speaks in terms of "conditional discharge," the statutory scheme is more akin to parole or an extension of parole.[14]

 With parole, the Parole Board (executive branch) sets the conditions of release, as well as the terms of supervision, *after* a prisoner has been sentenced by the court and has begun serving his or her sentence.[15] Parole suspends the execution of a sentence.[16] "Parole recognizes those justifications [for incarceration] existed at sentencing and there now exists a change of circumstances or a rehabilitation of a prisoner."[17] "[T]he power to grant parole is a purely executive function."[18] Upon breach of a condition of parole, the parole officer seeks revocation. An administrative hearing is held before the Parole Board. Appeals are then made to the Circuit Court, as with other executive, administrative appeals.

The concept of "shock probation" under KRS 439.265 is an anomaly. It is a legislative creation "which allows the court to reacquire jurisdiction for this one consideration."[19] For a limited time after sentencing,[20] the sentencing court may "suspend the further execution of the sentence and place the defendant on probation upon terms the court determines."[21] In *Commonwealth v. Williamson*, our predecessor court held that the legislative enactment of shock probation did not encroach upon the executive power, because it created only a short, limited extension of the trial court's jurisdiction.[22] It was reasonable for the legislature to extend the trial court's jurisdiction for a short period to make a final determination regarding probation.[23]

The statute in question in this case, KRS 532.043, also mixes the roles of the judicial and executive branches of government. Under KRS 532.043, the General Assembly added a period of conditional discharge to the sentence of incarceration of persons convicted of certain offenses. The three-year (now five-year) period of conditional discharge is to be served beginning upon the person's final release from incarceration or parole. The conditions and supervision of the felony conditional discharge are set by the executive branch.[24] Violations, however, are reported to the judicial branch (the court in the

---

**12.** KRS 533.010(1).

**13.** KRS 533.020(3); *Pedigo v. Commonwealth*, 644 S.W.2d 355, 358 (Ky.App.1982).

**14.** *See generally Huggins v. Caldwell*, 223 Ky. 468, 3 S.W.2d 1101, 1103 (1928), for a discussion of substance over name.

**15.** *See* KRS 439.340.

**16.** *Prater*, 82 S.W.3d at 904.

**17.** *Mullins*, 956 S.W.2d at 223 (citing KRS 439.340).

**18.** *Prater*, 82 S.W.3d at 902 (citing cases so holding).

**19.** *Mullins*, 956 S.W.2d at 223.

**20.** For felonies, not earlier than 30 days nor later than 180 days after defendant begins serving his or her sentence. KRS 439.265(1).

**21.** *Id.*

**22.** 492 S.W.2d 874, 875 (Ky.1973).

**23.** *Id.*

**24.** KRS 532.043(3) and (4).

county of conviction) by the Commonwealth Attorney, for revocation (as opposed to an appeal of a decision by the Parole Board).[25] Thus, the statute imposes upon the judiciary the duty to enforce conditions set by the executive branch.

This statutory mixture of the role of the judiciary within the role of the executive branch is fatal to the legislative scheme. Section 27 of the Kentucky Constitution creates three distinct branches of government, and Section 28 precludes one branch from exercising any power belonging to the other branches. Thus, we recognize that the legislature makes the laws, deciding what is a crime and the amount of punishment to impose for violations thereof.[26] The judiciary determines guilt and selects or implements a sentence within the legislative range.[27] The executive branch is vested with the execution of the sentence, including executions, incarceration, parole, and clemency. To this extent only, the three branches have a shared sentencing responsibility.[28]

It is generally recognized that the trial courts have jurisdiction over a defendant's case for ten days after sentencing,[29] and at any time for clerical errors.[30] In unusual cases, where there exists newly discovered evidence, fraud, or other extraordinary circumstances, a court may reacquire jurisdiction[31] on the theory that the sentence imposed was not a valid sentence.[32] For a short period of time after sentencing, we even allow trial courts to maintain jurisdiction to consider shock probation.[33]

If the trial court imposes an additional sentence at the time of original sentencing, there is no separation of powers issue because "the legislature has the power to designate what is a crime and the sentences for violations thereof."[34] However, under KRS 532.043(5), the court is given jurisdiction over revocation of conditional discharge after all of the following have occurred: a sentence of incarceration has been imposed, the sentence has become final, the defendant has been transferred to the custody of the Department of Corrections (the executive branch) for execution of the sentence, the defendant has served his or her period of incarceration or has been paroled (at or near the *end* of the sentence), and the defendant has been released subject to the conditions of the Department of Corrections and supervision by the Division of Probation and Parole.

The General Assembly can, consistent with the separation of powers doctrine, create a form of conditional release with terms and supervision by the executive branch. However, the statutory scheme runs afoul of the separation of powers doctrine when *revocation* is the responsi-

---

25. KRS 532.043(5).

26. *Wilfong v. Commonwealth,* 175 S.W.3d 84, 92 (Ky.App.2004). *Wilfong* dealt with the constitutionality of the additional period of conditional discharge and the conditions thereof in KRS 532.043. The case did not address the issue of *revocation,* which is the issue in the instant case.

27. *Id.*

28. *See Mistretta v.United States,* 488 U.S. 361, 364–65, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (discussing the similar shared sentencing responsibility in the federal system).

29. *See* RCr 10.02(2).

30. CR 60.01.

31. CR 60.02.

32. *See Commonwealth v. Gross,* 936 S.W.2d 85, 88 (Ky.1996) (applying to criminal cases the civil case analysis of *Potter v. Eli Lilly & Co.,* 926 S.W.2d 449 (Ky.1996)).

33. KRS 439.265; KRS 439.267 (for misdemeanors).

34. *Mullins,* 956 S.W.2d at 223.

bility of the judiciary. Once a prisoner is turned over to the Department of Corrections for execution of the sentence, the power to determine the period of incarceration passes to the executive branch.[35] Only on appeal of an administrative action should the judicial branch become involved in the executive branch's legitimate exercise of its power to execute sentences.

Finally, we note that our ruling is limited to KRS 532.043(5). Only the revocation procedure established by this subsection is unconstitutional. Because subsection (5) is severable from the remainder of the statute, the statute's other provisions remain in force.[36]

KRS 532.043(5) violates Section 27 and Section 28 of the Kentucky Constitution by impermissibly conferring an executive power to revoke a post-incarceration or post-parole conditional release upon the judiciary. Accordingly, the judgments of the Court of Appeals are reversed, and the cases are remanded to their respective circuit courts for proceedings consistent with this opinion.

All sitting. MINTON, C.J.; ABRAMSON, CUNNINGHAM, and NOBLE, JJ., concur.

VENTERS, J. dissents by separate opinion in which Scott, J., joins.

VENTERS, J., dissenting.

I disagree with the majority's conclusion that KRS 532.043(5) is unconstitutional. Certainly, the concept of a term of release and re-incarceration following the completion of a lengthy prison sentence is a novel and unconventional approach to criminal punishment. But, I find nothing in our Constitution's separation of powers doctrine that expressly or inherently bars the

General Assembly from re-vesting the judicial branch with jurisdiction to adjudicate alleged violations of the kind of conditional discharge created by KRS 532.043. I see nothing in the inherent powers of the executive branch that compels it to adjudicate such violations, or that prohibits the judicial branch from doing so under legislative authorization. I therefore respectfully dissent.

SCOTT, J., joins.