Laurence Jay **RIDER**, Appellant

v.

**COMMONWEALTH of Kentucky**,
Appellee.

No. 2013–CA–000136–MR.

Court of Appeals of Kentucky.

Jan. 17, 2014.

Case Ordered Published by
Supreme Court May 6, 2015.

Discretionary Review Denied by Supreme
Court May 6, 2015.

Laurence Jay Rider, LaGrange, KY, pro se.

Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for Appellee.

Before CAPERTON, DIXON and VANMETER, Judges.

*OPINION*

DIXON, Judge.

Appellant, Laurence Rider, appeals *pro se* from an order of the Knox Circuit Court denying his motion to amend his sentence under CR 60.02. Finding no error, we affirm.

In October 2009, Appellant entered a guilty plea in the Knox Circuit Court to first-degree sexual abuse and kidnapping. Pursuant to the plea agreement, Appellant was sentenced to a total of fifteen years' imprisonment and, upon release, would be required to register as a sex offender for a period of twenty years. Further, as required by KRS 532.043, the trial court imposed a five-year period of conditional discharge. Appellant subsequently filed two *pro se* motions for shock probation, both of which were denied.

On December 7, 2012, Appellant filed a *pro se* motion to amend his sentence pursuant to CR 60.02(e) and (f), arguing that the Supreme Court's declaration in *Jones v. Commonwealth*, 319 S.W.3d 295 (Ky. 2010) that KRS 532.043(5) was an unconstitutional violation of the separation of powers doctrine and the legislature's subsequent amendment of such statute constituted a change in circumstances warranting the amendment of his sentence.

On December 26, 2012, the trial court entered an order denying Appellant's motion, finding KRS 532.043(5) was not an *ex post facto* law and that it was the intent of the legislature that KRS 532.043, and its amendments apply retroactively. Appellant thereafter appealed to this Court as a matter of law.

On appeal, we review the denial of a CR 60.02 motion under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky.App.2000); *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999). As such, we will affirm the trial court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky.1983).

The version of KRS 532.043(5) under which Appellant was sentenced provided:

(5) If a person violates a provision specified in subsection (3) of this section, the violation shall be reported in writing to the Commonwealth's attorney in the county of conviction. The Commonwealth's attorney may petition the court to revoke the defendant's conditional

discharge and reincarcerate the defendant as set forth in KRS 532.060.

However, in *Jones v. Commonwealth*, 319 S.W.3d 295 (Ky.2010), the Kentucky Supreme Court held that KRS 532.043(5) violated the separation of powers doctrine by giving the judicial branch rather than the executive branch the power to revoke conditional discharge [1] imposed after a period of incarceration:

The statutory mixture of the role of the judiciary within the role of the executive branch is fatal to the legislative scheme. Section 27 of the Kentucky Constitution creates three distinct branches of government, and Section 28 precludes one branch from exercising any power belonging to the other branches.

. . .

The General Assembly can, consistent with the separation of powers doctrine, create a form of conditional release with terms and supervision by the executive branch. However, the statutory scheme runs afoul of the separation of powers doctrine when revocation is the responsibility of the judiciary. Once a prisoner is turned over to the Department of Corrections for execution of the sentence, the power to determine the period of incarceration passes to the executive branch.

*Jones*, 319 S.W.3d at 299–300 (footnote omitted). However, the Court specifically set forth that their "ruling [was] limited to KRS 532.043(5)[,]" and went on to opine that "[o]nly the revocation procedure established by this subsection is unconstitutional. Because subsection (5) is severable from the remainder of the statute, the statute's other provisions remain in force." *Id.* (footnote omitted).

Subsequently, in 2011 the legislature amended KRS 532.043 and placed revocation authority with the parole board:

(5) If a person violates a provision specified in subsection (3) of this section, the violation shall be reported in writing by the Division of Probation and Parole. Notice of the violation shall be sent to the Parole Board to determine whether probable cause exists to revoke the defendant's postincarceration supervision and reincarcerate the defendant as set forth in KRS 532.060.

KRS 532.043(5). We agree with the trial court that the amendment to KRS 532.043(5) is clearly not an *ex post facto* law as it does not "reach[ ] back in time to punish acts which occurred before enactment of the law." 16B Am.Jur.2d *Constitutional Law* § 690 (2013). *See also Hyatt v. Commonwealth*, 72 S.W.3d 566 (Ky.2002), *cert. denied*, 538 U.S. 909, 123 S.Ct. 1481, 155 L.Ed.2d 230 (2003). The 2011 amendment to KRS 532.043(5) merely established a new procedure for adjudicating the revocation of conditional discharge. It did not create a new crime or enhance an existing crime, it did not in itself enhance the penalty for an existing crime, and it did not in any way alter the rules of evidence in regards to the offense charged.

Further, we find no merit in Appellant's claim that because KRS 532.043(5) does not expressly declare the statute's retroactivity, KRS 446.080(3) bars retroactive application to his sentence. The amendment to subsection (5) is nothing more than a procedural change in response to the *Jones* decision, reassigning the authority to revoke conditional discharge to the executive branch, or parole board, rather than the judiciary. *See Rodgers v. Commonwealth*, 285 S.W.3d 740, 741

---

1. The *Jones* Court clarified that the conditional discharge imposed under KRS 532.043 is a form of post-sentence conditional release unlike the conditional discharge under KRS Chapter 533, which is imposed in lieu of incarceration. 319 S.W.3d at 296, FN. 1.

(Ky.2009)(Procedures "are to be retroactively applied ... so that proceedings shall confirm, so far as practicable, to the laws in force at the time of such proceedings.") The *Jones* Court explicitly held that only the enforcement provision in subsection (5) was unconstitutional and the remainder of the statute remained in full effect. 319 S.W.3d at 300.

In *Baker v. Fletcher*, 204 S.W.3d 589, 597 (Ky.2006), our Supreme Court explained, "Though it is clear that the General Assembly must expressly manifest its desire that a statute apply retroactively, magic words are not required. What is required is that the enactment make it apparent that retroactivity was the intended result." Clearly, in enacting KRS 532.043 and its subsequent amendments the legislature expressed its intent to impose additional supervision requirements on individuals convicted of certain felonies. For this Court to interpret KRS 532.043 as lacking an enforcement mechanism would be not only contrary to legislative intent but also to our Supreme Courts reading of KRS 532.043(1)-(4) and (6) in *Jones*.

As the trial court noted, we are not to interpret statutes in such a manner that deprives them of their intended effect either by the addition or omission of language. *Commonwealth v. Harrelson*, 14 S.W.3d 541 (Ky.2000). We conclude that the trial court properly found that the 2011 version of KRS 532.043(5) is not an *ex post facto* law and it application herein does not warrant amendment of Appellant's sentence.

The order of the Knox Circuit Court denying Appellant's CR 60.02 motion is affirmed.

ALL CONCUR.