**Terry MELCHER, Appellant**

**v.**

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2014–CA–001739–MR**

Court of Appeals of Kentucky.

RENDERED: JUNE 19, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Terry Melcher, Pro Se, LaGrange, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, Jason B. Moore, Assistant Attorney General, Frankfort, Kentucky

BEFORE: J. LAMBERT, STUMBO, AND THOMPSON, JUDGES.

*OPINION*

LAMBERT, J., JUDGE:

Terry Melcher appeals from the Ohio Circuit Court's denial of his motion to amend pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. After careful review, we affirm the trial court's order denying Melcher's motion.

In August 2011, Melcher was indicted by an Ohio County grand jury on ten counts of first-degree sexual abuse. The indictment alleged that Melcher committed the offenses between January 2008 and June 2008, when Melcher was more than twenty-one years old, and the victim was under the age of sixteen. Melcher was arraigned on the charges on September 9, 2011, and he entered a plea of not guilty. In April 2012, Melcher filed a motion to enter a guilty plea with the trial court. In its offer, the Commonwealth agreed to recommend a five-year sentence in exchange for Melcher's guilty plea to one count of first-degree sexual abuse with the remaining nine counts of the indictment to be dismissed. On the same date, Melcher appeared before the trial court, and following the plea colloquy, the trial court accepted his guilty plea as being knowingly, voluntarily, and intelligently made.

Melcher appeared before the trial court for sentencing on June 28, 2012. At that hearing, the trial court notified Melcher of his duty to register as a sex offender following his release. The trial court then denied probation and imposed the recommended sentence of five years in prison. Further, the trial court specifically advised Melcher he would also be subject to a five-year period of conditional discharge. On that same day, the trial court entered its formal sentencing order against Melcher.

In April 2014, Melcher filed a motion to amend his sentence pursuant to RCr 11.42. In that motion, Melcher cited the decision of the Kentucky Supreme Court in *Jones v. Commonwealth,* 319 S.W.3d 295 (Ky. 2010). In *Jones,* the Supreme Court found Kentucky Revised Statutes (KRS) 532.043(5), the enforcement provision of the conditional discharge statute, to be unconstitutional, and Melcher argued that the amendments to KRS 532.043 enacted by the General Assembly in 2011 made the statute unconstitutional as applied to him. Therefore, Melcher requested that the trial court declare the application of conditional discharge unconstitutional. On May 13, 2014, the trial court entered an order denying Melcher's motion. This appeal followed.

On appeal, Melcher argues that as amended in 2011, KRS 532.043 drastically increases the likelihood that a sex offender will be revoked while serving the conditional discharge period, thereby denying due process of law to those who had been previously sentenced. Thus, Melcher asserts that the 2011 amendments to KRS 532.043 are unconstitutional as applied to him because the amendments make it more likely that he will be revoked during his period of post-conviction supervision. He further argues that his right to a "fair warning" was violated by the amendments to the statute. Finally, Melcher argues

the trial court should not have denied his motion without an evidentiary hearing.

■ We review the trial court's denial of an RCr 11.42 motion for an abuse of discretion. *Teague v. Commonwealth,* 428 S.W.3d 630 (Ky.App.2014). An RCr 11.42 motion is limited to the issues that were not and could not be raised on direct appeal. *Sanborn v. Commonwealth,* 975 S.W.2d 905, 908–09 (Ky.1998) (*overruled on other grounds by Leonard v. Commonwealth,* 279 S.W.3d 151 (Ky.2009)).

Melcher's arguments are entirely based on the idea that the 2011 amendments to KRS 532.043 are being applied retroactively to him and that this is unconstitutional. In fact, the amendments were fully in effect prior to Melcher's indictment, the entry of his guilty plea, and his sentencing. As such, KRS 532.043 is not being applied retroactively to Melcher in any way.

KRS 532.043 was first enacted by the General Assembly in 1998, and it created a three-year period of conditional discharge applicable to certain offenses to be served upon release from incarceration or parole. Persons subject to the conditional discharge were supervised by the Department of Probation and Parole, and violations were reported to the trial court for enforcement. In 2006, the General Assembly amended the statute to increase the period of conditional discharge from three years to five years. Enforcement of violations remained with the trial court.

In *Jones v. Commonwealth, supra,* the Kentucky Supreme Court held that subsection (5) of the statute violated the constitutional provisions on separation of powers by placing the enforcement of violations of the post-release conditional discharge in the judicial branch. The Court stated: "The General Assembly can, consistent with the separation of powers doctrine, create a form of conditional release with terms and supervision by the executive branch. However, the statutory scheme runs afoul of the separation of powers doctrine when *revocation* is the responsibility of the judiciary." *Jones,* 319 S.W.3d at 299–300 (italics in original). Rather than declaring the entire statute unconstitutional, the Court struck down only one subsection, KRS 532.043(5), "because subsection (5) is severable from the remainder of the statute, the statute's other provisions remain in force." *Id.* at 300.

In response to the *Jones* decision, the General Assembly amended KRS 532.043 during the 2011 General Session as part of HB 463. Specifically, the term "conditional discharge" was replaced by the term "post-incarceration supervision," and the responsibility for revocation was placed with the Kentucky Parole Board. The amendments became effective on March 3, 2011. As set forth above, Melcher was indicted in this matter on August 30, 2011, almost six months after the 2011 amendments to KRS 532.043 became effective. He did not plead guilty until April 26, 2012, and he was not formally sentenced until June 28, 2012. Thus, the statute and amendments were not applied retroactively to him.

Furthermore, the 2011 amendments effected no substantive change to the statute as it existed prior to the Supreme Court's decision in *Jones.* All of the substantive provisions of the statute were affirmed by *Jones,* and the revocation provision was found severable. The 2011 amendments merely changed the revocation provision to comply with the Supreme Court's directive in *Jones* by placing the revocation responsibility in the executive branch rather than the judicial branch. This change was fully effective at the time of Melcher's indictment, plea, and sentence. Accordingly, we find no abuse of discretion by the trial

court in denying Melcher's motion to amend his sentence or vacate the judgment under RCr 11.42.

Finally, given that the 2011 amendments to KRS 532.043 were merely procedural in nature, the fact that Melcher committed his offenses prior to their enactment is irrelevant. *See Rodgers v. Commonwealth*, 285 S.W.3d 740, 753 (Ky.2009) (Procedural statutes can be applied retroactively). The trial court properly denied Melcher's motion to vacate the judgment under RCr 11.42.

Finding no error, we affirm the May 13, 2014, order of the Ohio Circuit Court.

ALL CONCUR.