RENDERED: JULY 14, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0135-MR

TIMOTHY SHANE                                                        APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 20-CI-00834

KENTUCKY PAROLE BOARD                                                  APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE: CETRULO, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Timothy Shane ("Shane") appeals from the Franklin Circuit
Court's order denying his motion for summary judgment and dismissing his
declaratory judgment action. Because we hold the Kentucky Parole Board
("Board") improperly delegated Shane's final revocation hearing, we reverse.

Shane was charged with a parole violation for use of alcohol while
paroled on a thirty-year sentence. A final revocation hearing was held before an

administrative law judge ("ALJ") on April 22, 2020. According to the evidence presented at the hearing, Shane was pulled over for a seatbelt violation and admitted to consuming alcohol. Police found an open container of alcohol in the center console and Shane's breathalyzer result was a .16.[1] He was then charged with driving under the influence.[2] Shane did not testify at the hearing but submitted letters as mitigating evidence.

Following the hearing, the ALJ entered findings of fact and conclusions of law finding Shane had violated the conditions of his parole by using alcohol. The Board adopted the findings of the ALJ and revoked Shane's parole. Shane filed a declaratory judgment action in Franklin Circuit Court, arguing the Board had improperly delegated the final revocation hearing to the ALJ, the orders did not contain the requisite findings pursuant to KRS[3] 439.3106, and there was not sufficient evidence to support revocation. He further sought an injunction requiring the Board to reinstate him to parole. Shane filed a motion for summary judgment, which was denied, and the trial court dismissed Shane's petition. This appeal followed.

---

[1] At the hearing, the police officer testified that Shane blew a .16. However, the citation states .016. According to the officer, this was a clerical error.

[2] This charge is still pending.

[3] Kentucky Revised Statutes.

A final order in a declaratory judgment action is reviewable by this Court. However, "a trial court's order denying summary judgment is not immediately reviewable on appeal since such an order is considered interlocutory." *Ervin Cable Constr., LLC v. Lay*, 461 S.W.3d 422, 423 (Ky. App. 2015), *overruled on other grounds by Sheets v. Ford Motor Co.*, 626 S.W.3d 594 (Ky. 2021). "[A]n exception to this rule . . . applies where: '(1) the facts are not in dispute, (2) the only basis of the ruling is a matter of law, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom.'" *Hazard Coal Corp. v. Knight*, 325 S.W.3d 290, 298 (Ky. 2010) (quoting *Transp. Cabinet, Bureau of Highways, Commonwealth of Kentucky v. Leneave*, 751 S.W.2d 36, 37 (Ky. App. 1988)). Here, these conditions are met therefore we proceed with the review. Our standard of review of a final order in a declaratory judgment action is whether the trial court's factual findings were clearly erroneous. *Baze v. Rees*, 217 S.W.3d 207, 210 (Ky. 2006), *aff'd*, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008). We review its conclusions of law *de novo*. *Id.* at 209.

As a matter of this court's jurisdiction, we must first address whether the appeal is moot as Shane is now released on parole. *See Veith v. City of Louisville*, 355 S.W.2d 295, 297 (Ky. 1962) (emphasis omitted) ("It has been held that a court does not have jurisdiction to decide a question unless there is a real or

justiciable controversy involving specific rights of particular parties.").

"[M]ootness is a threshold matter for a reviewing court to resolve." *Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341, 343 (Ky. 2014) (citing *Kentucky High Sch. Athletic Ass'n v. Edwards*, 256 S.W.3d 1, 4 (Ky. 2008)). "The general rule is . . . that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (internal quotation marks and citations omitted).

However, the "public interest" exception to the general rule "allows a court to consider an otherwise moot case when (1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *Id.* at 102 (citation omitted). We are satisfied the first and third elements are met in this case. *See Jones v. Bailey*, 576 S.W.3d 128, 135 (Ky. 2019) (determining that "procedural due process pertaining to the revocation of conditional freedom" was a matter of public interest and that since "the employment of current administrative procedures is a recurrent event in the revocation process" questions pertaining to such were likely to arise again).

As to the second element, in *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 87 (Ky. 2021), our Supreme Court clarified that the public interest exception must be used only where a demonstrated need justifies a court's ruling, for example, issues of first impression. While the question of whether the Board itself must conduct final revocation hearings was arguably answered in *Jones*, 576 S.W.3d at 135, the fact that the Board's revised revocation procedure following the issuance of that opinion allows the Board to delegate the final revocation hearing to an ALJ suggests "there is a need for an authoritative determination for the future guidance of public officers" on the issue.[4] Therefore, we find the "public interest" exception to mootness applies and proceed to the merits of the appeal.

Shane first argues that *Jones* and KRS 439.440 mandate the Board conduct his final revocation hearing. We agree.[5] In *Jones*, the Kentucky Supreme Court determined the Board's prevailing final revocation hearing procedure did not

---

[4] We would note that *Jones* concerned the minimal due process requirements of final revocation hearings whereas Shane argues that the Board's final revocation hearing procedure in his case not only violated due process, but also Kentucky statutory law. Therefore, our consideration of that issue is one of first impression.

[5] We acknowledge a panel of this Court recently held *Jones* does not require final parole revocation hearings to be conducted by the Board. *See Hodge v. Kentucky Parole Board*, No. 2021-CA-1512-MR, ___ S.W.3d ___, 2023 WL 453138, at *3 (Ky. App. Jan. 27, 2023). *Hodge* was ordered published on March 24, 2023. A motion for discretionary review is currently pending before the Kentucky Supreme Court.

meet minimal due process.[6] Defendant had received a preliminary hearing before an ALJ where he was allowed to present witnesses and evidence, including mitigating testimony. The ALJ found probable cause that defendant had violated the conditions of his supervision and referred the matter to the Board. At the final hearing, defendant was not represented by counsel and was denied the opportunity to present witnesses or other evidence on the alleged violations. Based upon the record created before the ALJ, the Board revoked defendant's supervision.

On discretionary review, the Supreme Court held the Board's final revocation hearing procedure which consisted of merely reviewing the administrative record was constitutionally inadequate. Because "the Board is the body charged with determining the ultimate findings of fact[,]" *Jones*, 576 S.W.3d at 144, a simple review of the administrative record is a "wholly unsatisfactory basis for [a revocation] decision." *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 343-44, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). The Court concluded that defendant "had a constitutional right to a hearing pursuant to procedures that enabled him to make his case *to the Board*, who would then have full awareness of

_____

[6] While *Jones* technically concerned the propriety of the Board's post-incarceration supervision revocation procedure, its holding applies equally to parole revocation procedures. *See Jones v. Bailey*, 576 S.W.3d 128, 137 (Ky. 2019) (citing *Jones v. Commonwealth*, 319 S.W.3d 295, 298 (Ky. 2010)) (noting that parole and post-incarceration supervision revocation procedures are "akin").

all the evidence presented and would be able to decide whether there were any mitigating factors in his favor." *Id.* (emphasis added).

Thus, *Jones* held it was constitutionally insufficient for the Board to base its revocation decision on a simple review of the administrative record. We read *Jones* as requiring the Board to conduct the final revocation hearing so it may make an informed decision as to revocation, having heard all the evidence. "Due process requires that the Parole Board . . . conduct the constitutionally-required final evidentiary hearing prior to revocation[.]" *Jones*, 576 S.W.3d at 133. The Board's delegation of Shane's final revocation hearing to an ALJ denied him due process.

Kentucky statutory law similarly requires the Board to conduct the final revocation hearing. Shane cites KRS 439.440 which states, "[a]ny prisoner returned to state custody for violation of his or her release shall be heard *by the board* within sixty (60) days on the propriety of his or her rerelease." (Emphasis added.) Contrast this with KRS 439.341 which requires the probable cause hearing to be held before a hearing officer. Presumably, this distinction is relevant, as the legislature could have written "heard by the board *or hearing officer*" or similar language. Further, KRS 439.330(1)(e) provides that one of the Board's duties is to "[i]ssue warrants for persons charged with violations of parole and

postincarceration supervision and *conduct hearings on such charges . . . ."*

(Emphasis added.)

Most relevant to our analysis is KRS 439.320(4) which provides:

The organization of the board shall be determined by the chairperson and shall be consistent with administrative regulations promulgated pursuant to KRS 439.340. For policy and procedural matters, five (5) members shall constitute a quorum. Parole and *final parole revocation hearings* may be done by panels of the board, subject to the following requirements:

(a) If a two (2) member panel is utilized, both members of the panel shall agree on the decision or the matter shall be referred to the full board;

(b) If a three (3) member panel is utilized, two (2) of the three (3) members of the panel shall agree on a decision or the matter shall be referred to the full board; and

(c) If a panel of four (4) or more members is utilized, a majority of the panel shall agree on a decision or the matter shall be referred to the full board.

(Emphasis added.)

Thus, final parole revocation hearings may be conducted by less than a full panel of the Board, subject to certain restrictions. However, in no instance may they be held by less than two members of the Board. Implicit in the statute is that the Board, not a hearing officer, conducts final revocation hearings. The statute is specific under what circumstances and to whom final parole revocation hearings may be delegated. The legislature could have provided for delegation to

-8-

an ALJ, but it did not.  We interpret KRS 439.320(4) as requiring the Board to conduct final parole revocation hearings.  The Board's procedure of delegating Shane's final revocation hearing to the ALJ violated Kentucky statutory law.

In finding the Board's procedure sufficient, the trial court relied upon *Kentucky Board of Medical Licensure v. Strauss*, 558 S.W.3d 443 (Ky 2018); however, we find this reliance misplaced.  *Strauss* considered whether KRS Chapter 13B and KRS Chapter 311 require the Kentucky Medical Licensure Board to independently review the administrative record before issuing a final order.  But, as noted by the trial court, KRS Chapter 13B does not apply to parole revocation proceedings.  KRS 13B.020(3)(c)2.a.  Further, KRS Chapter 311 explicitly provides that hearing officers may conduct hearings on behalf of the Medical Licensure Board.  The controlling statutes in this case, specifically KRS 439.320(4), provide only for the Parole Board (or a panel of the Board) to conduct parole final revocation hearings.

Having found that the Board's final revocation hearing procedure violated Shane's due process rights and Kentucky law, and due to the mootness of his claims since he is currently on parole, we decline to address Shane's other arguments, namely that the ALJ's and Board's orders did not make the requisite findings pursuant to KRS 439.3106, and that there was insufficient evidence that he was a danger to or could not be appropriately managed in the community.

For the foregoing reasons, we reverse the judgment of the Franklin Circuit Court. However, as in *Jones*, it is unnecessary to remand this case as Shane is currently on parole.

JONES, JUDGE, CONCURS.

CETRULO, JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

CETRULO, JUDGE, CONCURRING IN RESULT: I concur with the majority, and I appreciate Judge McNeill's clarity in an area of Kentucky law with unharmonious precedent.

In *Hodge v. Kentucky Parole Board*, No. 2021-CA-1512-MR, ___ S.W.3d ___, 2023 WL 453138 (Ky. App. Jan. 27, 2023), a panel of this Court determined that two hearings by ALJs, followed by a review by the full Parole Board, were sufficient to meet due process standards. *Id.* at *2. First, an ALJ determined probable cause had been established and that Hodge (the parolee) was in violation for absconding and failing to report a change in address. *Id.* The second ALJ determined that a preponderance of the evidence supported the conclusion that Hodge violated only by absconding. *Id.* Finally, the Parole Board agreed – relying on the ALJs' findings – that Hodge indeed absconded. Hodge challenged that second ALJ determination. This Court found that the second hearing need not be conducted by the Parole Board, but that an ALJ could conduct the hearing as long as "it [was] conducted with proper notice and procedures." *Id.*

-10-

at *3.  This Court found that "so long as the procedures employed give the parolee adequate notice of the allegations against him, and an opportunity to respond thereto, adequate due process is provided.  That [second] hearing does not have to be before the full [Parole] Board."  *Id.*

Just a few months later, this Court again addressed a similar question in *Ivy v. Kentucky Parole Board*, No. 2022-CA-0369-MR, 2023 WL 2439676 (Ky. App. Mar. 10, 2023).  I was on the *Ivy* panel that determined, consistent with *Hodge*, that there was nothing constitutionally deficient in the Parole Board incorporating the ALJ's fact-finding.  *Id.* at *4.  In *Ivy*, the parolee waived the initial probable cause hearing but testified on his own behalf at the second hearing (conducted by an ALJ).  *Id.* at *1.  The ALJ determined by a preponderance of the evidence that the parolee violated conditions of his parole.  *Id.*  At the final revocation hearing, the Parole Board incorporated by reference the factual findings found by the ALJ.  *Id.*  The *Ivy* panel determined that the Parole Board was not prohibited "from delegating fact finding to an ALJ and then incorporating those findings of facts in its ultimate decision."  *Id.* at *3.

Here, the majority strays from that unpublished *Ivy* decision, and upon further review, I am persuaded by the present legal analysis.  While KRS 439.341[7]

---

[7] "Probable cause revocation hearings of probation, parole, and postincarceration supervision violators shall be conducted by hearing officers.  These hearing officers shall be attorneys,

– as relied upon in *Ivy* – allows for the Parole Board to assign duties to the ALJs in the revocation process, KRS 439.440[8] – as relied upon here – suggests that the final revocation hearing is *not* one of those permissible allocations. Stated another way, despite KRS 439.341 allowing some duties to be assigned by the Parole Board, it appears the legislature intended for the final revocation hearing to be conducted by the Parole Board. The *Ivy* Court interpreted KRS 439.440 as merely setting a time restriction for a final hearing, but here, the panel reads this statute to also mandate that the hearing specifically needs to be in front of the Parole Board. Upon further reading of the statute in its entirety and looking at the plain meaning of all the words used, I agree with the majority. *See Jefferson Cnty. Bd. of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky. 2012) (citing *Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011)) ("We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes."). This current interpretation of KRS 439.440 seems consistent with the intent of the Kentucky Supreme Court in *Jones*, 576 S.W.3d 128. *Jones* states that "the [Parole] Board must decide the truth of the violation allegations." *Id.* at 136. As the majority

appointed by the board and admitted to practice in Kentucky, who shall perform the aforementioned duties and *any others assigned by the board*." KRS 439.341 (emphasis added).

[8] "Any prisoner returned to state custody for violation of his or her release shall be heard by the board within sixty (60) days on the propriety of his or her rerelease." KRS 439.440.

points out, "the [Parole] Board is the body charged with determining the ultimate findings of fact." *Id.* at 144. As such, I concur with this majority's emphasis of KRS 439.440 over KRS 439.341 for the factual situation before us. Since a motion for discretionary review is currently pending before our Supreme Court on *Hodge*, further clarity in this matter may thankfully be coming soon.

BRIEFS FOR APPELLANT:

Timothy G. Arnold
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Edward A. Baylous, II
Frankfort, Kentucky