RENDERED:  MAY 10, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0298-MR

ANTHONY ARNOLD         APPELLANT

v.    APPEAL FROM GALLATIN CIRCUIT COURT
HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 21-CR-00216

COMMONWEALTH OF KENTUCKY     APPELLEE

AND

NO. 2023-CA-0382-MR

ANTHONY ARNOLD         APPELLANT

v.    APPEAL FROM GALLATIN CIRCUIT COURT
HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 21-CR-00216

COMMONWEALTH OF KENTUCKY     APPELLEE

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

JONES, A., JUDGE: Anthony Arnold has filed two appeals from a March 9, 2023 order of the Gallatin Circuit Court which, consistent with a jury verdict, found him guilty of being a felon in possession of a firearm in violation of Kentucky Revised Statute (KRS) 527.040, and which sentenced him to a term of imprisonment. In both appeals, he raises the same argument: In his view, that statute is unconstitutional.

Why he raised the same argument *twice* through *two* separate appeals of the same judgment owes to a clerical error of his trial counsel. In his latter notice of appeal (which initiated Appeal No. 2023-CA-0382-MR), Arnold explained: "This is an amended notice of appeal, as the notice originally filed listed the circuit court as Owen Circuit Court, this notice and the included documents are amended to note Gallatin Circuit Court as being the court the appeal is originating from." We do not fault Arnold for zealously guarding his appellate rights. However, Arnold's first notice of appeal (which initiated Appeal No. 2023-CA-0298-MR) was already effective, as it substantially complied with our appellate rules. Despite his counsel's error in stating "Owen" rather than

-2-

"Gallatin" in that first notice, it was unmistakably from Gallatin Circuit Court because: (1) it bore a "filed" stamp from Gallatin Circuit Court; and (2) it further provided, in its body, "Please take notice that the foregoing Motion [sic] was filed with the *Gallatin* County Circuit Court Clerk on this the 10th day of March, 2023[.]" (Emphasis added.) Arnold had no need to file Appeal No. 2023-CA-0382-MR to preserve his appellate rights. We therefore dismiss it as duplicative.[1]

Having said that, we now proceed to the substance of his remaining appeal, No. 2023-CA-0298-MR. The sole argument Arnold has raised is an argument that he now raises for the first time on appeal. Specifically, he never questioned the constitutionality of KRS 527.040 below; nor did he adhere to KRS 418.075(1), which requires any defendant who wishes to challenge the constitutionality of a statute to notify the Attorney General of his claim "before judgment is entered." Our Supreme Court has admonished appellate advocates that "strict compliance with the notification provisions of KRS 418.075 is mandatory[.]" *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky. 2008). The notification requirement applies even in criminal cases where the Attorney General represents the Commonwealth, regardless of whether a statute is challenged on its face or as applied to a specific case. *Id*. Failure to give notice leaves the

---

[1] In a previously entered order, a motion panel of this Court decided not to dismiss Appeal No. 2023-CA-0382-MR as duplicative. That order was subject to revision by this merits panel. *See Knott v. Crown Colony Farm, Inc.*, 865 S.W.2d 326 (Ky. 1993) (noting that a decision made by a Court of Appeals motion panel is not binding on the merits panel).

constitutional challenge unpreserved. *Jones v. Commonwealth*, 319 S.W.3d 295, 296-97 (Ky. 2010).

Indeed, Arnold acknowledges in his appellate brief that his constitutional challenge to KRS 527.040 *is* unpreserved. Nevertheless, Arnold asks this Court to review his challenge under the auspices of RCr[2] 10.26, which provides:

> A palpable error which affects the substantial rights of a party *may* be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

(Emphasis added.)

We decline to do so. To be sure, our Supreme Court has on perhaps one prior occasion utilized RCr 10.26 to review an appellant's challenge to the constitutionality of a statute, leveled for the first time on appeal, notwithstanding the appellant's failure to comply with the *mandatory* requirements of KRS 418.075. *See Jones*, 319 S.W.3d at 297. However, in a far more recent opinion, the Court reiterated that "[o]ur courts *refuse to address* arguments that a statute is unconstitutional *unless* these notice provisions [of KRS 418.075] are fully satisfied." *Couch v. Commonwealth*, 686 S.W.3d 172, 179 (Ky. 2024) (emphasis added) (citing *Benet*, 253 S.W.3d at 532). And, in keeping with that rule, the

---

[2] Kentucky Rule of Criminal Procedure.

-4-

*Couch* Court "decline[d]" to review an appellant's challenge to the

constitutionality of two statutes, leveled for the first time on appeal, because the

appellant had failed to comply with the *mandatory* requirements of KRS 418.075.

*Id*. at 180.  In so doing, the Court explained:

> [G]ood reason exists for [KRS 418.075].  Kentucky does
> not have a unified prosecutorial system, and although
> there is a relationship between the Attorney General and
> local prosecuting officials, Commonwealth's Attorneys
> do not answer to the Attorney General.  *See generally*
> KRS 15.220 and 15.725.  The Attorney General, who is
> elected statewide by the Commonwealth's voters and not
> just by local citizens, "is in a unique position to defend
> the constitutionality of an act of the General Assembly.
> The Attorney General must be given this opportunity at
> the trial level because a declaration regarding the
> constitutionality of a statute affects all the citizens of the
> Commonwealth[.]"  *Benet*, 253 S.W.3d at 532 n.13; *see*
> *Brashars v. Commonwealth*, 25 S.W.3d 58, 65-66 (Ky.
> 2000) (rejecting argument that notice to the Attorney
> General regarding constitutionality of a statute was not
> required because the Commonwealth was already a party
> to the criminal action); *Jacobs v. Commonwealth*, 947
> S.W.2d 416, 419 (Ky. App. 1997) (stating "[w]e
> recognize that in criminal cases such as this the
> Commonwealth is represented at the trial level by local
> prosecuting officials. . . .  For that reason, we conclude
> that the notice requirements of [KRS 418.075] must be
> met in criminal, as well as civil, actions[ ]").

*Id*. at *5.

As emphasized, RCr 10.26 provides that a court of review "may"

consider certain errors "even though insufficiently raised or preserved for

review[.]"  But, to the extent Arnold's constitutional challenge *may* be reviewed

-5-

under the purview of that rule, our Supreme Court's reasoning in *Couch* counsels against doing so. Accordingly, we decline Arnold's invitation to do so here.

Considering the foregoing, we AFFIRM with respect to Appeal No. 2023-CA-0298-MR. We DISMISS with respect to Appeal No. 2023-CA-0382-MR.

ALL CONCUR.

ENTERED: _May 10, 2024_____

_____
JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Sarah N. Christensen
Assistant Solicitor General
Frankfort, Kentucky